*N. O. Ross*, for appellant.

*O. Blake* and *A. Blake*, for appellee.

---

THE COLUMBUS AND SHELBY RAILROAD COMPANY *v.* WATSON and Another.

FORMER ADJUDICATION.—An answer of a former adjudication must show either that the matter in controversy was actually determined in the former suit, or that it might have been litigated under the issues then joined.

SPECIFIC PERFORMANCE.—A suit for specific performance will not lie upon a covenant by a railroad company to maintain and keep in repair the cattle guards upon the land of the plaintiff.

COSTS.—In an action for a money demand upon contract in the Circuit Court, if the plaintiff recovers less than $50, exclusive of costs, he must pay costs.

APPEAL from the *Bartholomew* Circuit Court.

GREGORY, C. J.—In 1853 the appellees conveyed to the appellant the right of way for a railroad track through the

lands of the former, in consideration that the railroad company would build a depot at the intersection of its road with the county road leading from *Hartsville* to *Corman's* mill, and would build and keep in repair at all cross fences on the track of its road, then erected or thereafter to be erected on the premises through which the right of way had been granted, suitable cattle-guards, and would also fence the railroad through the improved portion of appellees' land. This suit was brought to enforce the obligation of the appellant to keep the cattle-guards in repair. The complaint avers special damages to the plaintiffs by cattle trespassing on their land, caused by the neglect of the defendant to keep the cattle-guards in repair, and prays for specific performance. The defendant demurred to the complaint, but the demurrer was overruled. An answer was then filed, setting up a former adjudication. A demurrer was sustained to this answer. The defendant then filed the general denial. Trial by the court, finding for the plaintiffs in damages. The court also found for the plaintiffs as to their prayer for specific performance. Motion by defendant'for a new trial overruled, and judgment for the plaintiffs for $25 damages, and for specific performance, with costs. The court below committed no error in overruling the demurrer to the complaint.

The former suit was determined in 1859, and was a proceeding by *Watson* and wife against the railroad company for damages caused "by a failure to erect the depot, cattle-guards and fences," with a prayer for damages, or, in the discretion of the court, that the defendant be enjoined and prohibited from running or using the road over the land until the company should pay the plaintiffs their reasonable damages, or otherwise comply with the contract by the erection of the depot, cattle-guards and fences. The case in judgment was commenced in *April*, 1864. The complaint avers that "pursuant to the deed of conveyance and the conditions of the same, the defendant entered upon and constructed the railroad through and upon the plaintiffs'

land, and also constructed cattle-guards at all cross-fences on the land, but that the defendant has failed to keep the cattle-guards in repair since the 1st of *January*, 1863." The former cause was submitted to arbitrators, who awarded "that plaintiffs shall have no damages, and that each party pay half the costs," which award was, by agreement, made the judgment of the court. There was no answer filed in the former suit.

In order to be a good answer of former adjudication, it must appear that the matters in controversy in the case at bar either actually were determined in the former action, or that they might have been litigated under the issues. The execution of the agreement was not in issue in the prior action.

The agreement of the defendant was two-fold, viz, to erect and to keep in repair. The former suit was for the failure to erect. The case in judgment is for a failure to keep in repair.

In *Beach et al.* v. *Crain*, 2 Comstock 86, the plaintiff granted to the defendants a right of way over his land, and covenanted to erect a gate at the terminus. The defendants covenanted in the same instrument to make all the necessary repairs to the gate. The plaintiff erected the gate, and the same was removed by some unknown person. Held, that the defendants' covenant bound them to replace the gate. Held, also, that the covenant was continuing, and, therefore, that an action brought thereon by the plaintiff after the gate had been removed, to recover for damages occasioned by cattle coming in upon his land in consequence of such removal, and judgment in such action in favor of the plaintiff, were not a bar to another action on the same covenant, to recover for damages accruing after the commencement of the first suit. The court below committed no error in sustaining the demurrer to the answer setting up the former adjudication.

The defendant properly excepted to that part of the judgment decreeing specific performance of the agreement to

repair, and assigns that for error in this court. We do not think this a case for specific performance. Upon the covenant to repair, the covenantee has an ample remedy at law.

In *Lucas* v. *Commerford*, 3 Brown's Ch. R. 166, the Lord Chancellor thought there could not be a decree to rebuild, as he could no more undertake the contract of a rebuilding than of a repair. There is, however, a conflict in the authorities as to rebuilding, but none as to repairs. See Story's Eq. Jur., §§ 725, 726. The court below erred in decreeing specific performance.

The defendant excepted to the judgment for costs, and assigns that judgment for error. The judgment for costs is erroneous. The action being for a money demand on contract, and the recovery being for less than $50, exclusive of costs, the plaintiff must pay the costs. 2 G. & H., § 397, p. 227.

The judgment decreeing specific performance and for costs is reversed, with costs, and the judgment for damages is affirmed. The cause is remanded to said court with direction to render a judgment against the plaintiffs for costs.

*T. A. Hendricks, O. B. Hord, A. W. Hendricks, S. Stansifer, F. Winter, W. W. Herod* and *W. Herod*, for appellant.

*R. Hill* and *J. W. Rogers*, for appellees.