## DUNCAN v. HOLCOMB.

RES ADJUDICATÆ.—It is only the matters involved in the issues made by the pleadings in a cause that are considered *res adjudicatæ*.

APPEAL from the *Gibson* Circuit Court.

GREGORY, C. J.—This was an action by *Duncan*, a person of unsound mind, by her guardian, against *Holcomb*. The complaint alleges that *Joshua Duncan* departed this life about the 3d of *September*, A. D. 1861, testate, having by his will appointed *Sarah Duncan*, the appellant, and *Silas M. Holcomb*, the appellee, executrix and executor of his will; that the

appellant and appellee jointly accepted the trust and were duly qualified; that by the order of the Common Pleas Court of said county, made at the *July* term 1864, the letters testamentary issued to these parties were revoked, and *James L. Duncan* was appointed administrator *de bonis non*, with the will annexed; that the said *James L. Duncan*, as such administrator, instituted suit upon the bond of the plaintiff and defendant, and that such proceedings were had that upon the final hearing of said cause, there was allowed by the Common Pleas Court the sum of $80 of the assets of the estate to *Sarah Duncan*, as a remuneration for services rendered by her as such executrix; that all the assets of the estate came to the hands of the defendant, and that the plaintiff never received any part of them; that the sum of $80 was allowed by the court, and taken as a credit upon the amount of assets of the estate found still remaining in the hands of said *Sarah Duncan* and *Silas M. Holcomb*, or either of them, and that said *Holcomb* received the whole benefit of the credit, he having still at that time the whole fund in his possession, and that no part of the $80 has been paid to the plaintiff. The demurrer to the complaint was sustained, and judgment given for the defendant.

It is claimed in support of the action of the court below that the matter involved in this suit was adjudicated in the action on the bond of the plaintiff and defendant to which they were parties defendant. It is only those matters involved in the issues made by the pleadings, that are considered *res adjudicatæ.* Co-defendants may or may not settle their respective rights, as between themselves, in the suit against them. Having executed a joint bond, the parties to the case in judgment were liable for the default of each other. The judgment was rendered according to the liability, and does not determine their rights as between themselves.

Had *Duncan* set up the facts in that case in a cross-complaint against her co-defendant, in such a way as to have

presented that question, then she would have been concluded by the judgment.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the demurrer to the complaint, and for further proceedings.

*J. T. Embree,* for appellant.

*C. Denby,* for appellee.