### WILSON v. FATOUT ET AL.

BOND FOR CONVEYANCE.—*Assignment as Collateral Security.*—Where a bond for the conveyance of real estate is assigned to secure the payment of a debt, the assignee does not acquire an absolute and unconditional right to the same, or to the land. The assignment is in the nature of a mortgage.

SAME.—In such case, a proceeding by the assignee to foreclose the interest of the assignor in the premises and the sale and purchase of such interest by the assignee vest in him all the interest which the assignor had in the premises, and give him the same right as if he had received an absolute and unconditional assignment of the bond.

SAME.—*Suit Against Assignor.—Suit Against Maker of Bond.—Former Adjudication.*—Suit by such an assignee against the assignor to recover the debt, to secure which the bond was assigned, and to foreclose the interest of the assignor in the premises, to which suit the makers of the bond were made parties, such proceedings being had therein that the assignee obtained a judgment against the assignor for the amount of his debt, and a finding that the makers of the bond had been fully paid their purchase-money, and that they had no interest in the premises, and a decree was rendered for the sale of the premises and an application of the proceeds to the payment of the judgment against the assignor;

*Held,* that this constituted no bar to an action brought by the assignee after he became the purchaser under the decree, against the makers of the bond, for damages for a breach of the agreement to convey, or to obtain specific performance.

APPEAL from the Marion Circuit Court.

WORDEN, J.—Action by the appellant against the appellees. The complaint embraced two paragraphs. The first alleged, in substance, the following facts:

On April 29th, 1863, one Samuel Brown was the owner of certain real estate described in the complaint, and on that day he mortgaged the same to Henry August Hugo for purchase-money, and this mortgage was duly recorded.

On September 1st, 1864, Brown conveyed and warranted the property to the appellees, Joshua L. and Moses K. Fatout.

On January 12th, 1865, the appellees sold the property to Isaac E. Johnson for the consideration of two thousand dollars then in hand paid, and executed to him a bond in the penalty of twice the amount of the purchase-money, stipu-

lating, amongst other things, that Johnson was to have possession on the 20th of the same month, and pay the taxes accruing on the property from and after the 1st of January, 1865; and that the Fatouts should, on reasonable request, make him a warranty deed in fee simple for the premises.

On September 25th, 1865, Johnson assigned the bond above mentioned to the appellant, Wilson, to secure the payment of a promissory note for the sum of two thousand dollars, payable in six months, with ten per cent. interest, stipulating in the assignment that he would warrant the title to be free from all incumbrances.

Afterward, the note executed by Johnson to the appellant having matured, and not having been paid, the appellant brought suit against him thereon in the Marion Court of Common Pleas, seeking also to foreclose the interest of Johnson in the premises, making the appellees parties thereto, and also one Sims A. Colley, who had a tax lien upon the premises.

On February 16th, 1867, he obtained judgment in that suit against Johnson on the note, for the amount thereof with interest, and for the sale of Johnson's interest in the premises. Nineteen dollars were found due to Colley for his tax lien, and the sum was ordered to be paid before the plaintiff's claim.

On May 4th, 1867, the premises were sold on an execution issued upon the above named judgment, and the plaintiff became the purchaser at the sum of two thousand four hundred and seventy dollars, and afterward he received the sheriff's deed therefor.

The plaintiff afterward demanded a deed from the defendants, which they refused to execute.

On the 6th of October, 1866, said Henry August Hugo, recovered a judgment against said Brown, in the Marion Court of Common Pleas, for the foreclosure of his said mortgage, amounting, with the interest, to the sum of seven hundred and thirty-five dollars and thirty cents, and on

March 2d, 1867, the property was sold on execution issued upon the last mentioned judgment, and said Hugo became the purchaser thereof at the sum of seven hundred and ninety dollars and sixty-eight cents, and on March 4th, 1868, the sheriff executed to him a deed for the premises.

On August 8th, 1868, said Hugo, for the consideration of eight hundred and one dollars, conveyed the premises to the defendants; that on, etc., the defendants agreed with the plaintiff that they would procure the right of Hugo in the premises and convey the same to the plaintiff. It is further averred that the plaintiff had no knowledge or information of the interest of Hugo in the premises until after the execution of the sheriff's deed to him. Prayer for damages in the sum of three thousand five hundred dollars. '

The second paragraph of the complaint was substantially the same as the first, except that it prayed for specific performance, in favor of the plaintiff, of the contract of the defendants with said Isaac E. Johnson.

The defendants answered in three paragraphs, but the third was stricken out on motion, and the first was withdrawn, leaving the defence to rest upon the second, which set up the following facts:

That on January 15th, 1867, the plaintiff instituted a suit in the court of common pleas of Marion county, Indiana, against the defendants and Elizabeth Fatout, wife of one of the defendants, and said Isaac E. Johnson, and also Sims A. Colley (the same suit mentioned in the complaint herein), alleging in his complaint therein the execution of the bond by the defendants to Johnson, and the assignment thereof by Johnson to the plaintiff to secure the payment of the note for two thousand dollars, " as alleged in the complaint herein," and that the note was due; that on February 5th, 1866, the premises had been sold for delinquent taxes for the year 1864, for the sum of nine dollars and thirty-eight cents, to said Sims A. Colley; that the plaintiff was ready to pay said taxes, penalties, and costs; that said Elizabeth Fatout was the wife of said Moses K. Prayer that the plaintiff

might recover $3000 against Johnson, and $25 against the defendants (herein) on the warranty in said bond, and that all the right, title, and interest of the defendants therein might be sold to satisfy the plaintiff's claim. That summons was served on all the defendants in that action, and that such proceedings were thereupon had therein, that the court did, on the —— day of February, 1867, on the final hearing of said cause, find that Johnson executed the note to the plaintiff, and to secure the payment thereof assigned to him the bond which the defendants herein had executed to said Johnson (as alleged in the complaint herein), and that the note was due and wholly unpaid; that said Joshua L., Moses K., and Elizabeth Fatout had no right in or lien upon said premises, but that they had been fully paid for the same; that Sims A. Colley had a just and prior lien on the premises for the taxes paid by him in the sum of $19.00; on which facts so found the court adjudged that the plaintiff recover of Johnson $2278.87, together with the amount due said Colley for said taxes; that the premises be sold to satisfy said judgment and costs; and that the proceeds·of the sale be applied, first, to the payment of said Colley's claim; second, to the costs in said cause; third, to the payment of the plaintiff's said claim; any overplus to be paid to said Johnson, after, etc. That said judgment remains in full force, etc.

The defendants say that the adjudication in said cause is a full and complete bar to this suit, because the said plaintiff therein chose his remedy and determined the relief he was entitled to; and all the matters relating to the liabilities of these defendants on the said bond were fully determined or involved, and might have been determined therein.

And the defendants, afterward, on August 8th, 1868, purchased the premises from Hugo for the consideration men-. tioned in the complaint, as they lawfully might without in any wise reviving their liability on said bond.

They further say that there was no consideration for the said promise to procure the rights of the said Hugo and

convey the premises to the plaintiff, as alleged, but the same was made without consideration and is void.    Wherefore, etc.

The plaintiff demurred to the second paragraph of the answer, assigning as cause that it did not state facts sufficient, etc., but the demurrer was overruled, and exception taken.    The plaintiff electing to abide by his demurrer, final judgment was rendered for the defendants.

The only question before us relates to the ruling on the demurrer.

The plaintiff, by the assignment to him of the bond, did not acquire an absolute and unconditional right to the same, or to the land mentioned, inasmuch as the assignment was made merely to secure the payment of a debt.    The assignment was in the nature of a mortgage.

But the proceedings in the Marion court of common pleas, to foreclose the interest of Johnson in the premises, and the purchase of that interest by the plaintiff, vested in him all the interest which Johnson had in the premises, and gives him the same right as if he had received an absolute and unconditional assignment of the bond.    It follows that the plaintiff can sue the appellees, the makers of the bond, for a breach thereof, or to enforce a specific performance of the same.    The bond, it will be observed, acknowledged the receipt in full of the purchase-money, and bound the obligors to make a warranty deed for the premises in fee simple on reasonable request.    The plaintiff, having made such request, and the same not having been complied with, he is entitled to damages for a breach of the bond, or to a specific performance of the contract, unless he is precluded by the matter set up in the second paragraph of the answer.    It is claimed by the counsel for the appellees that "the judgment and proceedings in the court of common pleas, set up in the second paragraph of their answer, is a complete bar to the suit of the appellant."

They say: "In the case in the common pleas set up in said answer, the appellant obtained all the relief he asked;

he could have obtained a decree for conveyance from appellees, but did not take it; in preference, he had a finding that appellees had been fully paid and had no interest in the premises, and for a sale of the premises to satisfy his mortgage or equitable lien; and he purchased the premises at the sale by the sheriff, and received the sheriff's deed."

In the case of *Crosby* v. *Jeroloman*, 37 Ind. 264, it was held, that where a mortgagor stipulated in the mortgage to pay the money secured by the mortgage, and the mortgage was foreclosed without taking a personal judgment against the mortgagor on his stipulation, no action could be afterward maintained against him on his stipulation, to recover any deficit after exhausting the mortgaged premises, inasmuch as such judgment might have been taken at the time of the foreclosure.

The court say (p. 278): "The mortgage in question was an entire contract, stipulating for the payment of the money, and pledging the lands therefor. The plaintiff having brought suit on the mortgage, and taken judgment of foreclosure only, when he might have taken a personal judgment for the residue after exhausting the mortgaged premises, it is clear, under the authorities, that he cannot now maintain another action to recover a personal judgment for such residue." In the same case, the court quote the following passage from a case cited: "That the judgment or decree of a court possessing competent jurisdiction is, as a general rule, final, not only as to the subject-matter thereby actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided, can admit of no doubt."

The question arises whether in the action which the appellant brought against Johnson, Colley, and the appellees, in the Marion court of common pleas, to foreclose the interest of Johnson in the premises, the appellant could have had judgment against the appellees for damages for failing to convey according to their contract, or for specific per-

formance thereof.   If he could, it would seem to follow that he cannot now maintain an action for either purpose.

Upon an examination of the allegations of the complaint in that action, we are of opinion that there was no matter stated therein that authorized a judgment in favor of the appellant against the appellees, either for damages or for specific performance.   Indeed the appellees would seem to have been unnecessary parties to that action.   Perhaps, however, they were proper parties for the purpose of concluding them as to the  matter stated in their bond, viz., the receipt by them from Johnson of the purchase-money for the premises.   Beyond this there was no allegation in the complaint that authorized any judgment against them.   The court found that the appellees had no right in, or lien upon, said premises, but that they had been fully paid for the same ; but no judgment whatever was rendered against them, unless the judgment for the sale of the premises be regarded as against them.   There was, to be sure, a prayer in that complaint that the appellant recover of the appellees $25 on the warranty in the bond.   This we suppose was on account of the tax lien.   But no such judgment was rendered, nor were any facts alleged that would have authorized it.

We have seen that by the terms of the bond the appellees were bound to convey only upon reasonable request.   Until such request was made, either by Johnson or some party succeeding to his rights, the appellees were in no manner in default, and no action could be maintained against them either for damages  for a breach of their contract or for specific performance thereof.   They were not bound to convey until requested to do so, and their contract was in no manner broken until such request was made and they failed to comply with it.   The tax lien worked no breach of the bond ; because until the appellees were bound to convey, they were not bound to remove liens.

We need not determine whether the appellant as the holder of the bond for the purpose of securing his debt against Johnson, and before he had foreclosed Johnson's

interest, could have legally demanded a conveyance from the appellees, or have enforced performance of their contract. It is sufficient for the purposes of this case to say that the appellees had not, so far as appears, been called upon to perform their contract until after the action in the court of common pleas; and hence they were not in default until after that time.

There was no allegation in the complaint in that action that the appellees had been requested to make the conveyance. There was no foundation, therefore, for any judgment against them, based on the assumption that they had broken their contract. Until after that time they had not, so far as appears, broken their contract. It follows that no judgment could have been rendered against them in that action for the non-performance of their contract.

From these considerations, it is apparent that the matters involved in this action, viz., the liability of the appellees for damages for a breach of their contract, or their obligation to specifically perform the same, they having been requested by the appellant to make the conveyance and having failed to do so, were not, and could not have been, adjudicated upon in the action in the court of common pleas, and therefore, that that action is no bar to this.

We are of opinion that the court erred in overruling the demurrer to the second paragraph of the answer.

The judgment of the court below is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.

*T. A. Hendricks, O. B. Hord, A. W. Hendricks*, and *J. Buchanan*, for appellant.

*N. B. Taylor* and *E. Taylor*, for appellees.