## KRAMER v. MATTHEWS ET AL.

FORMER ADJUDICATION.—*Chattel Mortgage.*—*Replevin.*—*Estoppel.*—*Plea in Bar.*—In an action by A., against C., D. and E., on a promissory note, and to foreclose a chattel mortgage given to secure the note, both executed to A. and B., by C. and D., E. answered, in bar and estoppel, that in a former action of replevin, for the possession of the mortgaged chattels, brought by A. and B. against C., D., E. and others, and based on the same chattel mortgage, issue was formed therein by the answer of general denial, and that, on a verdict for the defendants, and on a special finding of the facts, judgment was rendered for the defendants.

*Held,* on demurrer, that the answers are insufficient.

From the Boone Circuit Court.

*P. H. Dutch* and *O. P. Mahan*, for appellant.

*J. S. Scobey*, for appellees.

HOWK, C. J.—In this action, the appellant sued the appellees, to foreclose a certain chattel mortgage, and to collect a certain promissory note, secured by such mortgage.

In his complaint, the appellant alleged, in substance, that the appellees Matthews and Rich, on the 16th day of October, 1873, by their note of that date, promised to pay Kramer and Dutch, one year after the date thereof, the sum of $337.50, with interest at six per

cent. until maturity, and at ten per cent. after maturity, and with attorneys' fees if suit should be instituted thereon; that afterward, on the —— day of October, 1873, the said Dutch assigned his interest, to wit, the undivided one-half in said note to the appellant, the owner of the other half of said note; that forty dollars was a reasonable fee for appellant's attorney in this suit; that the note was then due and unpaid, except the sum of $100.00; that on the 18th day of October, 1873, the appellee Matthews, to secure the payment of said note, executed and delivered to said Kramer and Dutch a chattel mortgage on the following described property, to wit: One Owens, Lane, Dyer & Co. Eclipse Saw-Mill, with three large circular saws, one top saw, one edging saw, one edging table, shaft and pulley belonging to it, one large belt, three small rubber belts, and other specified articles connected with said mill; that on the 25th day of October, 1873, the said mortgage was duly recorded in the proper book and office, in the proper county; that the appellee James W. Anderson claimed that he had purchased the said mortgaged property at a sheriff's sale made on the 12th day of April, 1875, and he was made a defendant to answer as to his interest in said property, if he had any; and copies of the note and mortgage were filed with and made parts of said complaint. Wherefore, etc.

To this complaint the appellees Matthews and Rich jointly answered, to the effect that, before the commencement of this action, they had fully paid the note and mortgage sued on, on which answer the appellant joined issue by a reply in denial. The appellee James W. Anderson separately answered in three paragraphs; and to the first and third paragraphs the appellant demurred upon the ground as to each of them, that it did not state sufficient facts to constitute a defence to his action. These demurrers were overruled by the court, and to these rulings the

appellant excepted, and then replied, by general denials, to each of the paragraphs of said Anderson's answer. The issues joined were tried by a jury, and a verdict was returned for the appellees, the defendants below; and the court rendered judgment thereon, in their favor, for their costs in this action expended. The appellant's motion for a new trial was overruled by the court, and to this decision he excepted; and he has appealed to this court from the judgment rendered.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court:

1. In overruling his demurrers to the first and third paragraphs of the separate answer of the appellee James W. Anderson; and,

2. In overruling his motion for a new trial.

We will first consider and decide the questions presented by the alleged error of the court, in overruling appellant's demurrers to the first and third paragraphs of Anderson's separate answer.

1. In the first paragraph of his separate answer, the appellee James W. Anderson alleged, in substance, that on the 12th day of May, 1875, the appellant and Patrick H. Dutch, mentioned in the mortgage sued on in this action, began in this court an action of replevin, for the recovery of the possession of all the personal property mentioned and described in appellant's complaint in this action, and that the mortgage, in that action mentioned and described, is the same mortgage mentioned and described in the complaint in this action, and not other or different; that on said 12th day of May, 1875, all said property was in the possession of the appellee Anderson, as the absolute owner thereof; that the plaintiffs in said action of replevin claimed the possession of said property, in that action, by virtue of said chattel mortgage, and the appellee Anderson filed the complaint of said Kramer

and Dutch, and his answer thereto, in said action of replevin, with the first paragraph of his answer in this suit, and made the same a part of such paragraph; that the appellee Anderson answered the said complaint in said action of replevin, by a general denial thereof, and the other defendants therein also appeared and answered by a general denial of said complaint; that afterward, at the September term of said court, the said action of replevin was duly tried by a jury, and on the 7th day of October, 1875, the said jury returned into court their general verdict for the defendants in that action, to the effect that said defendants were entitled to the possession of the property described in that complaint, of the value of one thousand dollars, and with their general verdict the said jury also returned into court, in that action, their special findings on particular questions of fact submitted to them by the parties, under the direction of the court, which said verdict and findings of the jury were set out in the first paragraph of said Anderson's answer in this suit, as a part thereof; that, upon the return of said verdict and special findings, in said action of replevin, the court, on the day and year last named, rendered judgment thereon, in favor of the defendants therein and against the said plaintiffs therein, a copy of which judgment was filed with and made part of the first paragraph of said Anderson's answer in this suit; that the said judgment then remained in said court in full force and effect and had been in no wise annulled or made void; and that, in the proceedings, trial, verdict and judgment in said action of replevin, the matters involved in this suit were therein in issue, and were therein legally and properly adjudicated and put at rest, and the appellant was thereby precluded from again litigating the same matters and questions as they were involved in this suit.

In the third paragraph of his separate answer, the ap-

pellee Anderson alleged substantially the same matters as were stated in the said first paragraph of his answer, not as a former adjudication of the matters in controversy in this action, as alleged in said first paragraph; but he claimed and averred, in this third paragraph, that, by reason of the proceedings and judgment of the court, in said action of replevin, the appellant had become and was estopped from prosecuting this suit for the foreclosure of his chattel mortgage, and for the collection of the note described in his complaint.

We are clearly of the opinion that the court erred in overruling the appellant's demurrer to each of these paragraphs of answer; for the appellant's cause of action, as stated in his complaint in this suit, was not involved in the issues, and was not tried and determined, in the action of replevin mentioned in said paragraphs. The action of replevin was commenced and prosecuted to final judgment, by and in the names of the appellant in this suit, Baltzer Kramer and Patrick H. Dutch, as plaintiffs, against the appellees Anderson and Matthews, and four other named persons, as the defendants therein. One of the appellees in this case, Franklin Rich, one of the makers of the note now in suit, was not a party, either as plaintiff or as defendant, to said action of replevin. It will be seen, therefore, that the parties to the two actions, both plaintiff and defendant, are widely different. The same property was the subject of each of the two actions; but, in the action of replevin, Kramer and Dutch, the plaintiffs therein, alleged that they were then, to wit, May 12th, 1875, not the owners, but lawfully entitled to the possession merely, of said property, and they sought only, in that action, to recover such possession. The action of replevin is a possessory action; and under such a complaint as the one in that action, and where, as in that case, the only issue for trial is the one made by an answer in general de-

nial of the complaint, it is certain, we think, that the plaintiff's right to the possession of the property, at the time suit is brought, is the only question that can be tried and determined under such issue.

In the case now before us, the appellant, Kramer, was the only plaintiff, and, in so far as the property is concerned, he did not assert any claim whatever to its possession, but he alleged that he held a promissory note executed by the appellees Matthews and Rich, the payment of which note was secured by a mortgage executed by said Matthews on said property, and duly recorded in the proper county, and that, after the execution and record of said mortgage, the appellee Anderson had become the purchaser of said property. It seems to us that none of the matters alleged by the appellant in this suit were or could have been litigated and determined, under the issues joined in said action of replevin. It is settled by the decisions of this court, that a paragraph of answer, setting up a former adjudication of the matters in controversy, must show either that those matters were actually determined in the former suit, or that they might have been litigated and finally decided under the issues therein joined. *The Columbus, etc., Railroad Co.* v. *Watson,* 26 Ind. 50; *Duncan* v. *Holcomb,* 26 Ind. 378; *Miller* v. *Mans,* 28 Ind. 194; *Crosby* v. *Jeroloman,* 37 Ind. 264; *Wilson* v. *Fatout,* 42 Ind. 52; *Davenport* v. *Barnett,* 51 Ind. 329; and *Richardson* v. *Jones,* 58 Ind. 240.

It would seem, therefore, that the facts alleged in the first paragraph of the separate answer of the appellee Anderson, setting up the former adjudication in said action of replevin, in bar of this suit, were clearly insufficient, and that the appellant's demurrer to said first paragraph, for the want of facts, ought to have been sustained. Nor can it be correctly said, we think, that there was any thing in the proceedings and judgment of the court, in

said action of replevin, which would or could estop the appellant from prosecuting or maintaining the cause of action stated in his complaint in this suit. It is claimed by the learned counsel of the appellee Anderson, as we understand him, that on the trial of said action of replevin, to which the appellant was a party, the jury found specially therein, in answer to interrogatories, that the indebtedness secured by said chattel mortgage had been fully paid and satisfied, and that, therefore, the appellant was estopped by such special finding and the judgment of the court thereon, from instituting and maintaining any action for the enforcement, in any manner, of the said chattel mortgage, or for the collection of any part of the indebtedness secured thereby. We do not think that the special findings of the jury, in the replevin case, are open to any such interpretation or construction; on the contrary, we think that, in their special findings in that case, the jury found that the note now in suit was then entitled to a credit of one hundred dollars, and no more.

The chattel mortgage shows upon its face, that it was given to secure the payment of two promissory notes, each in the sum of $337.50, and also the payment and performance of the written contract of the appellee Matthews, to pay said Kramer and Dutch fifteen hundred dollars, in lumber. On the trial of the action of replevin, the jury found specially, in their answers to interrogatories, that there had been paid by said Matthews, in sawing, on the contract secured by said mortgage, the sum of $1,888.11, and that in addition there was paid the sum of $100.00, credited on note. There certainly is nothing in these special findings, or in the judgment thereon rendered, which could or ought to estop the appellant from commencing or maintaining this action to collect the amount due and unpaid on the note now in suit, and to enforce his mortgage lien on the chattels specified in the mortgage mentioned and described in his complaint herein. In our opinion,

therefore, the court clearly erred in overruling the appellant's demurrer to the third paragraph of the separate answer of the appellee Anderson.

On the trial of this case, the record fails to show that any evidence was introduced, which tended to prove that the note now in suit, or any part thereof except the credit of one hundred dollars, which the appellant admitted the note was entitled to, had ever been paid or satisfied.

As the conclusion we have reached, in regard to the insufficiency of the first and third paragraphs of the separate answer of the appellee James W. Anderson, will necessarily lead to the reversal of the judgment below and the formation of new issues, we need not now consider or decide any of the other questions arising under the alleged error of the court, in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to sustain the demurrers to the first and third paragraphs of Anderson's separate answer, and for further proceedings in accordance with this opinion.