Filed Dec. 11, 1884.

| 98 | 539 |
| 160 | 95 |

### No. 11, 751.

### STRINGER *v.* ADAMS.

PROMISSORY NOTE.—*Execution.— Delivery.*—A promissory note is without force unless delivered.

SAME.—*Escrow.*—If a promissory note placed in escrow, to be delivered upon the performance of conditions by the payee, is surrendered to him without the performance of the conditions, such surrender will not constitute a valid delivery.

RES ADJUDICATA.—The general rule is, that whatever was or might have been litigated in an action will be deemed to have been settled and adjudicated; but what could not have been so litigated will not be concluded by such adjudication.

SAME.—*Evidence.*—It is a general rule that if the evidence offered in the second suit is sufficient to authorize a recovery, but could not have produced a different result in the first suit, the failure of the plaintiff in the first suit is no bar to his recovery in the subsequent one, although it is for the same cause of action for which he attempted to recover in the first suit.

From the Superior Court of Marion County.

*P. W. Bartholomew,* for appellant.

*R. N. Lamb* and *S. M. Shepard,* for appellee.

ZOLLARS, C. J.—On the 11th day of December, 1878, ap-

pellee, at Findlay, Ohio, signed promissory notes amounting to $640, payable to appellant, and also signed and acknowledged a chattel mortgage to appellant to secure the notes.

The notes were payable at a bank in Indianapolis. The mortgage was upon property in the same city, where appellee at that time was and still is a resident.

These notes, under a written agreement executed by appellant and appellee, were placed in the hands of one J. F. Burkett, at Findlay, to be held by him in escrow until appellant should make certain proof as to the sale and delivery of dried apples, on account of which he claimed that there was an indebtedness due from appellee to him. On the day following appellant forwarded the mortgage to the recorder of Marion county, this State, with instructions to record the same. On the 13th day of the same month appellee commenced an action in the superior court of Marion county against appellant, making the recorder and Burkett parties to prevent the recording of the mortgage, and to procure a decree and judgment cancelling the notes and mortgage.

The substance of the complaint in that action is, that on the day the notes and mortgage were signed, appellant accosted appellee after he had entered a railroad car to leave Findlay, and fraudulently and falsely claimed that he was indebted to him in the sum of $376 for dried apples purchased some time between 1864 and 1869, and by fraud, threats and duress compelled appellee to leave the train and sign the notes and mortgage; that there was no consideration for them, and that they would not have been signed but for the fraud and duress, etc.

Upon the trial of the cause judgment was rendered against appellee. From that judgment he appealed to this court; the judgment was here affirmed. *Adams* v. *Stringer*, 78 Ind. 175. Subsequent to the determination of the above case in the superior court, appellant got possession of the notes. This action by him is upon the notes and mortgage. Appellee answered in three paragraphs.

In the first there is a substantial reiteration of the facts set up in the complaint in the former action. It is averred that the claim made by appellant was for dried apples claimed to have been purchased by appellee between the years 1864 and 1869, and by his direction shipped and consigned to Day, Allen & Co., Chicago, Ill. The making of the agreement already mentioned is averred, and a copy of it made a part of the answer, and the charge is made that in violation of its terms the notes were given into the possession of appellant by Burkett, without the proof having been made by appellant as therein provided.

The substance of the answer is that the notes had not been executed because not delivered. The second answer was a want of consideration. The third alleges a want of consideration as to all except $144.23, the value of five barrels of dried apples, and interest on the same to the time of the execution of the notes.

In reply, appellant pleaded the judgment in the former case of appellee against appellant, above mentioned, as a former adjudication. The court below rendered judgment in favor of appellant for $167.16. Appellant contends that the judgment should have been for the full amount of the notes and interest, for the reason that all questions of consideration for the notes, and questions of fraud and duress in connection with the signing of them, were adjudicated against appellee by the proceeding and judgment pleaded, a copy of which he introduced in evidence.

On the other hand, appellee contends that the evidence shows that the notes were never delivered, and hence not executed by appellee, and that there should have been no recovery at all. If, in fact, there was no delivery of the notes, they were not fully executed, and hence were of no force as notes. This is elementary. *Prather* v. *Zulauf*, 38 Ind. 155.

It is equally well settled that where a writing obligatory is placed in the hands of a third party to be held in escrow, and to be delivered to either party upon conditions to be per-

formed by him, a delivery to him without such performance will not constitute a delivery as to the other party, and as to such party the instruments will be without force. *Berry* v. *Anderson*, 22 Ind. 36; *Peter* v. *Wright*, 6 Ind. 183; *Robbins* v. *Magee*, 76 Ind. 381; *Freeland* v. *Charnley*, 80 Ind. 132.

In this case, we think that the evidence not only fails to show that the notes were delivered, but shows affirmatively that they were not delivered, in a legal sense, because the conditions upon which they were to be delivered were not complied with by appellant. As stated in the second answer, and the agreement filed with it, and as shown by the evidence, the only claim that appellant made upon appellee at the time the notes were signed, was, that he had sold to him, and, at his direction, shipped and consigned to Day, Allen & Co., at Chicago, $376 worth of dried apples.

As shown by the written contract, appellee disputed this claim. The purpose of the written agreement was that a settlement might be made of the disputed claim by appellant, and that the notes should be delivered to appellant only upon the furnishing by him of certain proof to Burkett, who was to hold the notes in the meantime. He was to produce to Burkett the shipping bills of the apples, or proper copies of the same, showing that the apples were consigned to Day, Allen & Co., at Chicago, and shipped in the name of David M. Adams, between 1864 and 1869, and to produce satisfactory proof that the apples were so shipped and consigned. He was to deliver to Burkett transcript from the freight office in Chicago, showing the delivery of the apples to Day, Allen & Co., or to D. M. Adams, and to trace the apples from Ashland, Ohio, to Chicago. He had until the last note became due—four and one-half months—in which to make this proof. If made within that time, the notes were to be delivered to him by Burkett, and the proofs turned over to appellee; if not so made, the notes were to be surrendered back to appellee, and the statements and recitals therein were not to be used for or against either party.

This proof was never made. The only proof of the kind mentioned, that appellant furnished to Burkett, was what is called a manifest transfer sheet issued by the Atlantic and Great Western Railroad Company, showing that that company delivered to the Pittsburgh, Fort Wayne and Chicago Railroad Company, at Mansfield, Ohio, on the 4th day of January, 1865, five barrels of dried apples, consigned to Day, Allen & Co., Chicago, and a way-bill of the Atlantic and Great Western Railroad Company, showing that the apples were received by it at Ashland, Ohio, to be forwarded to Mansfield.

There is an utter failure on the part of appellant to trace the apples beyond Mansfield, by showing that the Pittsburgh, Fort Wayne and Chicago Railroad Company forwarded them, or that they were otherwise forwarded to Chicago. There was no proof that the apples were shipped in the name of Adams, appellee; nor did appellant deliver to Burkett transcripts from the freight office at Chicago showing that the apples were delivered to Day, Allen & Co., or to D. M. Adams, as it was stipulated in the written agreement he should do, to entitle himself to the notes.

It seems that subsequent to the time when appellant claims to have shipped the apples, the Pittsburgh, Fort Wayne and Chicago Railroad was leased by the Pennsylvania Company, and the books of the former company, showing shipments of freights, were mislaid or destroyed. This circumstance, however, did not relieve appellant from making the proof stipulated for in the written agreement. This proof was made a condition to the delivery of the notes to appellant, and he was bound to make it in order to entitle himself to the notes. It was a contract that the parties had the undoubted right to make, and upon the full compliance with which either party had the right to insist.

The note, as we have stated, amounted to $640. According to a fair interpretation of the contract, appellant was to show in the manner stipulated that apples to that amount in value were shipped and delivered to Day, Allen & Co.,

and hence, had he traced the five barrels of apples to Day, Allen & Co., this would not have been sufficient to entitle him to the notes, because, according to all the proof, that quantity of apples would not have amounted to more than $80 or $100 in value.

The notes were given to appellant by Burkett without the proof stipulated for in the written agreement, and without a waiver or consent on the part of appellee. Such giving, therefore, was not a delivery under the law, and gave appellant no title to them.

The court below seems to have rendered judgment in favor of appellant for the value of the five barrels of apples, with interest. To this judgment appellee has, in no legal way, made objections. If the record were in shape to authorize such action, and it was insisted upon by appellee, we do not see how we could avoid a reversal of the judgment in his favor, on the ground that the notes were never delivered. The general rule is, 'that whatever was or might have been litigated in an action, will be deemed to have been settled and adjudicated; but what could not have been so litigated will not be so concluded by such adjudication. *Athearn* v. *Brannan*, 8 Blackf. 440; *Winship* v. *Winship*, 43 Ind. 291; *Duncan* v. *Holcomb*, 26 Ind. 378; *Comparet* v. *Hanna*, 34 Ind. 74; *Wilson* v. *Fatout*, 42 Ind. 52; *Turner* v. *Allen*, 66 Ind. 252; *Richardson* v. *Jones*, 58 Ind. 240; *Kramer* v. *Matthews*, 68 Ind. 172; *State, ex rel.*, v. *Krug*, 94 Ind. 366, and cases there cited; *Goble* v. *Dillon*, 86 Ind. 327 (44 Am. R. 308); *Roberts* v. *Norris*, 67 Ind. 386; *Hays* v. *Carr*, 83 Ind. 275.

The adjudication, in the case of appellee against appellant to cancel the notes, is not conclusive here as a former adjudication. No question was or could have been made in that case upon the question of the non-delivery of the notes. At the time that action was commenced, and at the time the judgment was rendered, the notes were in the hands of Burkett under the written agreement, and the time had not arrived for either party to demand them.

Stringer *v.* Adams.

It follows, from what we have said, that appellant was not entitled to recover at all upon the notes. That being so, he is not in a condition to complain that the recovery was too small, or to ask a reversal of the judgment upon that ground.

The question of duress and fraud in procuring appellee's signature to the notes was adjudicated in the former case, and was decided against appellee. As to those questions that adjudication is conclusive. The question as to whether or not there was any consideration for the notes was also involved in that action, in connection with the charge of fraud.

All that it could be necessary to decide in that case, as to the consideration, to defeat appellee's action to cancel the notes, was, that there was some consideration. If there was any consideration, appellee was not entitled to a cancellation of the notes. We notice, in passing, that a want of consideration alone would not have entitled appellee to a cancellation of the notes. *Hardy* v. *Brier,* 91 Ind. 91. Whether or not appellee could make the defence in this action of a partial want of consideration, had the notes been delivered, we need not decide.

Having held that the notes were not delivered, and that hence appellant was not entitled to a recovery upon them, the above question becomes immaterial. It has been held, however, that if the testimony offered in the second suit is sufficient to authorize a recovery, but could not have produced a different result in the first suit, the failure of the plaintiff in the first suit is no bar to his recovery in the other suit, although it is for the same cause of action for which he attempted to recover in the first suit. *Kirkpatrick* v. *Stingley,* 2 Ind. 269; *Indianapolis, etc., R. R. Co.* v. *Clark,* 21 Ind. 150; 6 Wait Actions and Defenses, p. 786, and cases cited; *Hargus* v. *Goodman,* 12 Ind. 629.

The judgment is affirmed, with costs.

Filed Nov. 25, 1884.