# HENRY v. GANT.

[No. 10,377.    Filed January 13, 1921.    Petition for rehearing dismissed March 29, 1921.]

1. JUDGMENT.—*Conclusiveness.*—*Set-Off a n d Counterclaim.*— Generally matters of set-off and counterclaim, which a party may or may not set up, are not regarded as being a defense to an action, but when such matter is presented and passed upon in a suit, it is barred by the judgment, but when not so determined, the defendant may make it the subject of a separate action. p. 230.

2. SET-OFF AND COUNTERCLAIM.—*Dismissal.*—*Prosecution in Separate Action.*—A defendant who files a counterclaim or cross-complaint has the right to dismiss it, and, where he does so, he is not estopped from thereafter prosecuting a separate action on the demand contained in such counterclaim or cross-complaint unless the facts therein alleged constitute a defense to plaintiff's original cause of action and is necessarily involved therein. p. 230.

3. JUDGMENT.—*Conclusiveness.*—*Matters Not in Issue.*—*Counterclaim.*—*Failure to Plead.*—*Effect.*—*Statute.*—Although a party when sued must interpose all defenses which he has, and as to them, whether pleaded or not, the judgment is conclusive, it is not conclusive as to an affirmative cause of action which he may have against the plaintiff, and of which he could have, but did not, availed himself by way of counterclaim, the only effect of defendant's failure to plead the proper counterclaim

being that he cannot thereafter maintain an action thereon against plaintiff, except at his own cost, as provided by §356 Burns 1914, §351 R. S. 1881. p. 230.

4. JUDGMENT.—*Conclusiveness.*—*Matters Decided Under Issues Made.*—The rule that a judgment in a prior action is conclusive not only as to what was actually decided therein, but also as to every other matter which might have been litigated, applies only to questions which were, or might have been, determined under the issues in the action in which the judgment was rendered, and not to questions which might have been raised by counterclaim, but were not. p. 231.

5. MORTGAGES. — *Foreclosure      Decree. — Conclusiveness. — Unclaimed Damages for Fraud.—Subsequent Action.—Costs.—Statute.*—A decree foreclosing a mortgage securing purchase-money notes is not conclusive against a subsequent action by the purchaser for fraud in the sale in connection with which the notes were given, where the seller tendered no issue as to the alleged fraud in the foreclosure suit, and the purchaser went to trial on an answer of general denial without seeking affirmative relief by way of counterclaim for the fraud; but, as the fraud afforded grounds for a counterclaim in the foreclosure proceedings, a subsequent action therefor could be maintained only at the purchaser's cost, in view of §356 Burns 1914, §351 R. S. 1881, providing that, if a defendant personally served omits to set up a counterclaim, he cannot afterward maintain an action thereon, except at his own cost. p. 232.

6. PLEADINGS.—*Answer.—Legal Conclusions.*—An allegation in an answer, in an action to recover for alleged fraud in an exchange of real estate, that defendant, by her complaint in a previous action to foreclose a mortgage securing purchase-money notes given in the transaction, had challenged plaintiff to set up the defense of fraud and to present and litigate therein by counterclaim all causes on account of fraud, is merely an allegation of a legal conclusion. p. 232.

From Hancock Circuit Court; *Charles J. Orbison,* Special Judge.

Action by Valley M. Henry against Ozora Belle Gant. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Chauncey W. Duncan, Charles F. Remy, James M. Berryhill,* for appellant.

*Charles L. Tindall,* for appellee.

MCMAHAN, J.—Complaint by appellant to recover damages on account of alleged fraud on the part of the appellee in inducing appellant to enter into a contract by the terms of which the appellant exchanged certain real estate owned by her for a farm in Pulaski county, owned by appellee.

Appellee filed an answer in two paragraphs, (1) general denial, (2) admitting the execution of the contract mentioned in the complaint and alleging that, as part of the consideration for such exchange, appellant on the consummation of such exchange executed and gave to appellee her promissory notes aggregating $4,835, and in order to secure the payment thereof gave appellee a mortgage upon the farm which appellee had conveyed to appellant; that appellant failed to pay said notes and in October, 1912, appellee commenced an action in the Pulaski Circuit Court to recover the amount due on the notes and to foreclose the mortgage; that appellant appeared in the action and filed an answer in five paragraphs, the first of which was a general denial; the second and fourth paragraphs of said answer were in fact counterclaims and set out and alleged the same fraudulent representations, acts and conduct as are alleged in the complaint herein; that all of said paragraphs of counterclaims and answers, except the general denial, were withdrawn by appellant before trial, and the cause was on change of venue taken to the Carroll Circuit Court, where the action was tried in June, 1914, and resulted in a judgment against appellant and in favor of appellee for $6,622.57, and for the foreclosure of the mortgage; that said judgment was never appealed from, vacated, set aside or modified; that appellee, in her complaint on said notes and for the foreclosure of said mortgage, challenged the appellant to set up and establish therein all her defenses founded upon the fraud and misrepresentation alleged in her complaint

herein and to present, litigate and establish therein all causes of action for fraud and misrepresentation, by counterclaim or otherwise, which she held or claimed to hold against appellee growing out of the negotiations, facts and circumstances connected with the exchange of the real estate, which might have defeated in whole or in part the recovery of appellee in the action upon the notes and mortgage, and that by reason thereof the cause of action set out in appellant's complaint has been fully settled and adjudicated and appellant estopped to maintain this action.

Appellant filed a demurrer to said second paragraph of answer, which was overruled and exception saved. The first paragraph of answer was withdrawn and appellant refusing to plead further, judgment was rendered against her, and she now appeals and assigns as error that the court erred in overruling her demurrer to the second paragraph of answer. The only question presented for our consideration by this assignment is: Must a vendee of property, when sued by the vendor on a note given for the purchase price, set up by way of counterclaim a cause of action held by the vendee against the vendor for fraud in inducing the vendee to enter into a contract of sale, or may he at his option prosecute a separate action against the vendor for such alleged fraud?

This question might well be answered by a mere reference to §356 Burns 1914, §351 R. S. 1881, which reads as follows: "If any defendant personally served with notice omit to set up a counterclaim arising out of the contract, or transaction set forth in the complaint as the ground for the plaintiff's claim, or any of them, he can not afterward maintain an action against the plaintiff therefor, except at his own cost."

In view of the fact that both the Supreme and this court in some of their opinions have made statements

seemingly in conflict with this section, we feel that it is our duty to give the question further consideration. In 15 R. C. L. §446, p. 969 in discussing the subject, the author says: "The defendant in an action is ordinarily required to set up all his defenses which do not constitute a separate cause of action, and if he neglects to do so is concluded by the judgment rendered in such action. The judgment operates as res judicata, not only in regard to the existence of the plaintiff's cause of action, but as to the nonexistence of the defense which was not pleaded. The reason for this rule lies in the principle that there must be an end to litigation, and, where a party has an opportunity to present his defense and neglects to do so, the demands of the law require that he should take the consequences. * * * Nevertheless, as hereafter pointed out, there are well established cases limiting the scope of this principle to defenses which are inherent or involved in the same transaction as the plaintiff's cause of action. Other separate and distinct causes of action need not be pleaded by the defendant, and if omitted are not lost."

And in §449 at page 972 of the same volume, it is said: "A fact which is impliedly or expressly involved in a judgment is considered merged therein so that it can not again be litigated, but a separate cause of action will not necessarily be merged, and therefore need not be pleaded as a defense." In 24 R. C. L. §92, p. 883 the author says: "A judgment or a decree of a court having jurisdiction of the subject-matter, and of the parties, is, as a general rule, final and conclusive as to the matters actually litigated and decided, and also as to matters necessarily involved in the litigation, and which might have been litigated. It is, however, sometimes difficult to draw the line between a judgment which will operate as a bar to an action for a specified claim. and one which leaves the claim outstanding to

be enforced by a cross action.  It depends in a great measure upon the nature of the demand litigated, the relation which the claim sought to be enforced bears to it, and the circumstances attending it.  Any fact or allegation which is expressly or impliedly involved in a judgment is merged in it, and can not again be litigated. * * * But when the claim of the defendant is for a breach of a stipulation in the contract other than, and independent of, the one relied upon by the plaintiff, he is not barred from prosecuting his claim in an independent action, if he fails to avail himself of it as a defense in the plaintiff's suit.  He is not barred for the reason that his claim may exceed that of the plaintiff, so that he could not have full remedy by way of reduction or recoupment; and by set off, he might be deprived from securing only so much of his claim as might happen to be due from him to the plaintiff."

Judge Van Fleet, in speaking of a counterclaim, says: "This pleading is not a defense.  It neither denies nor confesses and avoids the plaintiff's cause of action.  It is simply a cause of action in favor of the defendant, and the court deducts the less from the greater and renders a judgment for the remainder.  But as the plaintiff has an option in respect to the time and place of suing upon his cause of action, and as the defendant possesses the same option, he is not obliged thus to use his cause.  Hence, all the cases agree, that, if he exercises his option, and does not use it as a counterclaim, cross demand or set off, he can maintain an independent action upon it."  1 Van Fleets, Former Adjudication §171.  To the same effect, see Wells, Res Adjudicata §268; Bigelow, Estoppel 174; Herman, Law of Estoppel §266.

In our discussion of this question we are not unmindful of the rule laid down in *Fischli* v. *Fischli* (1825), 1 Blackf. 360, 12 Am. Dec. 251, where the court in

speaking of former adjudication, said: "For whenever a matter is adjudicated, and finally determined by a competent tribunal, it is considered forever at rest. This is the principle upon which the repose of society materially depends; and it therefore prevails, with a very few exceptions, throughout the civilized world. This principle not only embraces what actually was determined, but also extends to every other matter which the parties might have litigated in the case." After a careful study of that case, we are of the opinion that the rule there announced should probably be limited in its application to cases where the parties fail to prove all that was within the issues in the cause and where such failure was not shown by the record or where they sued upon parts of a cause of action. No question was there presented relative to the effect of failing to file a counterclaim or cross-complaint.

As said by the court in *Griffin* v. *Wallace* (1879), 66 Ind. 410:

"The rule that every question which might have been decided or litigated in a cause, will be presumed to have been decided, means that everything which was within the issues in the cause, and might have been proved under them, will be presumed to have been proved and adjudicated upon. But what was not embraced by the issues made, though issues broad enough to embrace such matter might have been made, will not at least, be conclusively presumed to have been determined." So in *Finley* v. *Cathcart* (1897), 149 Ind. 470, 48 N. E. 586, 49 N. E. 381, 63 Am. St. 292, it is said: "In fact, it is an essential element or principle underlying the doctrine of former adjudication that the judgment of the former action settles all material issues involved between the parties to that action, and all matters which might have been properly litigated and determined within the issues made or tendered by the

pleadings in the case, and to this extent the judgment is not subject to collateral attack. * · * * The court or jury trying the cause, however, cannot, in any case, legitimately go outside of the issues under the pleadings, and determine matters not embraced within such issues; and what was not within the latter, although they might have been extended to include it, will not, at least, be presumed to have been conclusively adjudicated."

Before the rule of former adjudication can be invoked it must appear that the thing demanded was the same. *Kitts* v. *Willson* (1895), 140 Ind. 604, 39 N. E. 313. As said by the court in *McFadden* v. *Ross* (1886), 108 Ind. 512, 8 N. E. 161, and quoted in *Whitney* v. *Marshall* (1894), 138 Ind. 472, 37 N. E. 964: "The proposition, that the judgment of the court having jurisdiction of the parties and the subject-matter, is conclusive, has become a settled maxim of law. This, however, means nothing more than that such judgment is conclusive upon all questions which were, or might have been, litigated and determined within the issues before the court. Neither reason nor authority lends any support to the view, that because suitors have submitted certain designated matters to the consideration of a court, the tribunal is thereby authorized to determine any other matter in which the parties may be interested, whether it be involved in the pending litigation or not."

*Green* v. *Glynn* (1880), 71 Ind. 336, was an action by appellant, Green, to have a lien declared on certain real estate by reason of a tax sale. Appellee filed an answer to the effect that their grantors for the purpose of adjudicating appellant's claim filed a complaint in the Jasper Circuit Court. That upon trial judgment was rendered in favor of their grantors quieting their title and enjoining appellant from setting up any claim

or interest in said real estate. It was there correctly held that the complaint in the suit to quiet title challenged and required appellant to appear and assert his interest and that if he failed to do so, or if he did so and failed, he was estopped.

In *Columbus, etc., R. Co.* v. *Watson* (1866), 26 Ind. 50, it is said: "In order to be a good answer of former adjudication, it must appear that the matters in controversy in the case at bar either actually were determined in the former action, or that they might have been litigated under the issues." In *Duncan* v. *Holcomb* (1866), 26 Ind. 378, it was held that: "It is only those matters involved in the issues made by the pleadings, that are considered *res adjudicatae.*"

And in *Howe* v. *Lewis* (1889), 121 Ind. 110, 22 N. E. 978, the court, after holding that everything which might have been adjudicated under the issues will be presumed to have been adjudicated, expressly held that: "A party is not bound, when sued, to plead a set-off or counter-claim, but if the issues are so formed as that a counter-claim is, in fact, litigated, the defendant will not be permitted afterward to sue and recover on the same. Such questions as are within the issues, or such as are necessary to a complete determination of the point presented by the complaint, or such as are necessary to a full adjustment of conflicting interests in the property which is the subject of controversy, are settled by the judgment."

In *Stanton* v. *Kenrick* (1893), 135 Ind. 382, 35 N. E. 19, cited by appellee, Kenrick had mortgaged certain lands to secure the payment of certain notes. The holder of the notes, Edward W. Bowen, commenced suit to recover the amount due on the notes and foreclose the mortgage, making Kenrick and wife and appellant Stanton, with others, defendants. It was alleged in the

complaint that Kenrick had sold and conveyed the land to Stanton, who as a part of the purchase price, had assumed and agreed to pay the amount due on said notes.  Stanton appeared and filed an answer of general denial and of *non est factum.*  Kenrick filed a cross-complaint against Stanton alleging that the land had been sold and conveyed to Stanton, who as part of the consideration had assumed and agreed to pay the mortgage indebtedness, and asking that Stanton be adjudged the principal debtor and Kenrick be adjudged surety.

After evidence had been introduced Kenrick dismissed his cross-complaint, and judgment was rendered against him, that he alone was indebted for the amount due on the notes and foreclosing the mortgage against all the defendants.  Later  Kenrick  commenced  an  action against Stanton alleging the execution of the notes and mortgage, that Stanton had purchased the land and assumed the mortgage indebtedness and that Bowen had recovered judgment against him (Kenrick) for the amount of the notes and asking equitable relief against Stanton because of alleged assumption of the debt.  To this complaint Stanton filed an answer of former adjudication, in which he set up all the facts relative to the Bowen foreclosure.  The trial court sustained a demurrer to this answer.  This answer on appeal was held good, the court saying:

"The plea of former adjudication is good, not only as to what was decided, but also as to what might have been decided.  The answer shows that the matters in controversy in this case were presented by appellee Kenrick, by cross-complaint, and that issue was joined, in a suit brought by appellee Bowen, against all other parties to this suit, to foreclose the mortgage given him by appellee Kenrick, the payment of which had been assumed by appellant.  The same issues as in this case,

and the same parties, were before the court in that case; and the court had jurisdiction of both subject-matter and the parties."

That case is easily distinguished from the instant case. In that case Bowen in his complaint alleged that Stanton had purchased the land and had assumed and agreed to pay the mortgage debt. This Stanton by his answer denied. The question as to whether Stanton had assumed the mortgage debt was thus put in issue by Bowen's complaint and was not, and could not be, withdrawn by the dismissal of Kenrick's cross-complaint. In the absence of Kenrick's cross-complaint it was the duty of the trial court on the issues presented by the complaint to determine the question as to whether Stanton had assumed the mortgage debt, and to render a personal judgment against him in case the court found against him on the issue thus presented. The assumption of the debt by Stanton being presented by the complaint filed by Bowen, the court was quite right in holding that Kenrick in withdrawing his pleadings could gain no new right as against Stanton. The statement in the case that "The plea of former adjudication is good, not only as to what was decided, but also as to what might have been decided," in order to be in harmony with the prior and subsequent decisions of the Supreme Court, must be construed as meaning that the plea is good as to what was, or as to what might have been, decided under the issues. *Walb* v. *Eshelman* (1911), 176 Ind. 253, 94 N. E. 566; *Ryan* v. *Rhodes* (1905), 167 Ind. 121, 76 N. E. 249, 78 N. E. 330; *Maynard* v. *Waidlich* (1901), 156 Ind. 562, 570, 60 N. E. 348; *Chicago, etc., R. Co.* v. *State* (1898), 153 Ind. 134, 51 N. E. 924; *Finley* v. *Cathcart, supra; Kitts* v. *Willson, supra; Whitney* v. *Marshall, supra; Howe* v. *Lewis, supra; Lieb* v. *Lichtenstein* (1890), 121 Ind. 483, 23 N. E. 284; *McFadden* v. *Ross, supra; Griffin* v. *Wallace,*

*supra; Columbus, etc., R. Co.* v. *Watson, supra; Duncan*
v. *Holcomb, supra.*

In *Reichert* v. *Krass* (1895), 13 Ind. App. 348, 40 N.
E. 706, 41 N. E. 835, the court after referring to §351
R. S. 1881 (§356, *supra*) said: "If two stipulations in
a contract are entirely independent of each other, an
adjudication of the breach of one does not necessarily
adjudicate the breach of the other. But if the issues
are so formed as that the counterclaim is in fact liti-
gated, the defendant will not be permitted afterwards
to sue and recover upon the same. Such questions as
are within the issues, or such as are essential to a com-
plete determination of the points presented by the com-
plaint are of necessity adjudicated." The action there
was not a suit on common count to recover money due
under a special contract, but was a suit on a contract
itself, alleging full performance on the plaintiff's part.
The breach set up in the counterclaim was necessarily
involved in the complaint. "The former decree is con-
clusive only as to the facts directly and distinctly put
in issue and the finding of which is necessary to uphold
the decree." *Deke* v. *Huenkemeier* (1919), 289 Ill. 148,
124 N. E. 381.

In *McDonald* v. *Christie* (1863), 42 Barb. (N. Y.)
36, suit had been instituted on a note given in payment
of the purchase price of a horse. The defendant filed a
counterclaim setting up fraud on the part of the plain-
tiff in inducing the defendant to purchase the horse.
After the evidence had been introduced the defendant
withdrew the counterclaim and judgment was rendered
against him for the amount due on the note. Later the
defendant filed a complaint against the plaintiff in the
former action to recover damages on account of the
fraud set up in the counterclaim which he had with-
drawn. It was there held that the party had the right

to dismiss his counterclaim and to bring a separate action to recover damages on account of the alleged fraud.

The actual rule is that matters of set-off and counterclaim, which a party may set up or not, are not regarded as included in the definition of a defense to an action. If the matter of set-off and counterclaim is presented and passed upon in a suit, it is barred by the judgment; if not, the defendant may make it the subject of a separate and distinct action. *Jennison Hdw. Co.* v. *Godkin* (1897), 112 Mich. 57, 70 N. W. 428; *Robbins* v. *Harrison* (1857), 31 Ala. 160; *Barth* v. *Burt* (1865), 43 Barb. (N. Y.) 628.

We hold that a defendant who has filed a counterclaim or cross-complaint has the same right to dismiss the same as the plaintiff has to dismiss his complaint. A defendant so dismissing his counterclaim or cross-complaint is not estopped from thereafter prosecuting a separate action on the demand contained in such counterclaim or cross-complaint, unless the facts therein alleged constitutes a defense to the plaintiff's original cause of action and is necessarily involved therein.

A party when sued must interpose all defenses which he has and, as to them, whether pleaded or not, the judgment is conclusive; but it is not conclusive as to the affirmative right or cause of action which he may have against the plaintiff and of which he could have taken advantage by way of counterclaim, and, on his failure to do so, his rights with reference thereto will not be adjudged. The only effect of the defendant's failure to plead the proper counterclaim is that he can not afterwards maintain an action against the plaintiff thereon, except at his own cost. §356, *supra;* *Goble* v. *Dillon* (1882), 86 Ind. 327, 44 Am. Rep. 308; *Brower* v. *Nellis* (1893), 6 Ind. App. 323, 33 N. E. 672; *Linderman Mach. Co.* v. *Hillenbrand*

Co. (1920), *ante* 111, 127 N. E. 813, and authorities there cited.

We are well within the authorities when we hold as we do that the statement, so frequently found in our reported decisions: "That an adjudication in a prior action is a determination not only as to what was actually decided therein, but also as to every other matter which the parties might have litigated in the case," means only that such judgment is conclusive upon all questions which were, or might have been, under the issues, litigated and determined in the action in which the judgment pleaded was rendered.

*Bacon* v. *Reichelt* (1916), 272 Ill. 90, 11 N. E. 565, Ann. Cas. 1918B 1, cited by appellee is not in point. In that case Bacon, Reichelt and others had been made defendants in an action to foreclose a mechanic's lien. After a decree against all the defendants ordering the property sold and after the sale upon the decree, Bacon commenced an action against the holder of the certificate of sale, Reichelt and others, to enjoin the issuance of a deed to the holder of the certificate of sale, on the theory that the property, although the record title thereto stood in the name of Reichelt, was not subject to the mechanic's lien for the improvements which Reichelt had placed thereon, because of certain equitable claims of Bacon. It was correctly held that the complaint to foreclose the lien required Bacon to set up and litigate his claim to the property and that he could not thereafter in a separate action litigate that question. This case in principle is the same as *Green* v. *Glynn*, *supra*.

In *Rothman* v. *Engel* (1917), 97 Ohio St. 77, 119 N. E. 250, Mrs. Engel had been sued by Rothman for the specific performance of a contract for the exchange of lands. Later the form of action was by amendment changed to an action at law to recover $1,000 as liqui-

dated damages by reason of a breach of the agreement. Mrs. Engel answered and set forth as her sole defense that she did not own the property which she had agreed to exchange. Judgment was rendered in favor of Rothman for the full amount of his demand. Later when Rothman attempted to enforce his judgment, Mrs. Engel filed her complaint to have the contract cancelled and annulled upon the ground that its execution had been secured by fraud. The court on appeal held that Mrs. Engel was barred from prosecuting her action to cancel the agreement and in the course of the opinion said: "The facts pleaded by Engel in her present action would have been a complete defense to the former action against her for damages. She placed herself in the position of risking her case upon a single defense when she could have availed herself of another. * * * In this case the defense was strictly a legal one, and full relief could have been had by the defendant in the law action. It furnished no basis for a counterclaim of such character as could be reserved for future action. It was purely and strictly defensive."

There was no issue in the foreclosure suit tendered by appellee as to the fraud alleged in appellant's complaint now under consideration, and appellant was not required to present the alleged fraud by way of counterclaim, even though it might have been proper, and without such an issue being presented in the foreclosure proceedings, appellee is in no position now to invoke as against appellant the doctrine of res adjudicata. Williams v. Harrison (1919), 72 Ind. App. 245, 123 N. E. 245.

The allegation of the answer, wherein appellee says that she in her complaint on the notes and for foreclosure, challenged appellant to set up and establish in that action all her defenses founded upon fraud and to present and litigate therein, by

counterclaim, all causes of action which she held or claimed to hold against appellee on account of fraud, is nothing more than a statement of a legal conclusion and in so far as it relates to defenses is a correct statement of law; but, as far as it was a challenge to appellant to set up and litigate a cause of action by counterclaim, it was a. challenge that appellant could accept or reject at her option, subject only to the penalty provided in §356,·supra.

Appellee's proceeding to foreclose her mortgage was an action in equity, triable by the court; while appellant's right of action for fraud is an action at law, where either party has the right to trial by jury. This may have been the reason why appellant saw fit to exercise the right given her by said section.

The court clearly erred in overruling appellant's demurrer to the second paragraph of answer. Judgment reversed, with direction to sustain said demurrer and for further proceedings not inconsistent with this opinion.

Remy, C. J., not participating.