JAMES M'DERMID v. GEORGE REDPATH AND PETER D. CAMPBELL.

*Measure of damages—Judgment on certiorari.*

A contractor promised to deliver wheat at a certain time, but did not do so, and after repeated subsequent demands and promises was sued. *Held* that damages for failure to deliver it were properly fixed by the price at the time he last promised.

Where a case is removed from a justice's court by certiorari, and the circuit court approves the justice's judgment, the sureties of the plaintiff in certiorari are included in it by entering judgment against all, adding interest to the date thereof, and giving judgment anew for the gross sum.

Error to Allegan. Submitted Oct. 10. Decided Oct. 15.

ASSUMPSIT. Defendant in justice's court and plaintiff in certiorari brings error.

*Stafford & Tomlinson* for plaintiff in error. The measure of damages for breach of contract for the sale and delivery of personal property is the difference between the contract price and the market value at the time fixed for delivery, *Cuddy v. Major*, 12 Mich., 369; *Bates v. Stansell*, 19 Mich., 91; *Chadwick v. Butler*, 28 Mich., 349; *Sleuter v. Wallbaum*, 45 Ill., 43; *Boies v. Vincent*, 24 Ia., 387; *Shepherd v. Hampton*, 3 Wh., 200; *McKnight v. Dunlop*, 5 N. Y., 537; 4 U. S. Dig., 342, par. 495.

*Jacob V. Rogers* for defendant in error. The measure of damages for breach of a contract to deliver goods is governed by their price at the actual date of the delivery, *Haskell v. Hunter*, 23 Mich., 305; *Hubbardston Lumber Co. v. Bates*, 31 Mich., 158.

COOLEY, J. This suit originated in justice's court, where McDermid was declared against for breach of contract to deliver one hundred bushels of wheat, on which he had been paid twenty-five dollars. The purchase

was made September 18, 1876, and the wheat was to be delivered in two or three weeks. Delivery was not made as agreed, and the evidence showed that McDermid from time to time afterwards was called upon to make it, and kept promising to do so. About the first of March, 1877, he promised to bring the wheat "right down," but did not do so, and suit was brought. Meantime the value of wheat had been steadily advancing. The main question made on the record is whether the justice was correct in estimating the damages. McDermid insisted that the damages should be estimated by the price of wheat at the time when, by the contract, he was to make delivery; that is to say, at the end of two or three weeks from the purchase; but the justice gave judgment estimating the damages by the price in the following March. In this he was right. The time of delivery had been extended by the defendant himself, and plaintiffs were entitled to the wheat or its value at the time he last promised to deliver it.

A subordinate question is made respecting the judgment which was rendered in the circuit court, to which the cause was removed on certiorari. The circuit court, finding the judgment of the justice correct, entered up judgment under the statute against McDermid and his sureties in the certiorari, and in doing so, computed interest to the date thereof, and gave judgment anew for the gross sum instead of merely affirming the justice's judgment. It is objected that this left the justice's judgment standing, so that there were two judgments for the same demand. But this is clearly a mistake. The new judgment is a substitute for the other, and the circuit court had no other method for giving judgment against the sureties than the one adopted.

The judgment is affirmed with costs.

The other Justices concurred.