## NATHANIEL HUNTOON v. BINGLEY RUSSELL.

*Action by assignee on judgment for wages—Offset of payments not allowed.*

If a counter claim is not based on payments made, but constitutes proper set-off, the only effect of failing to appear and plead and prove it, would be that in any subsequent action to recover it, costs could not also be recovered.

In an action for wages, payments made can be proved under the general issue; and if defendant allows judgment to be taken by default for the full amount, he cannot set up the payments in an action afterwards brought by an assignee of the judgment. Nor can he offset the judgment sued on, by a subsequent judgment obtained by him in a suit to recover back the amounts paid, since the demand would then be merged in the judgment, and that would not bind the assignee, being a stranger to the suit in which it was recovered.

Error to Clinton. Submitted June 18. Decided July 1.

ASSUMPSIT by Huntoon against Russell for the amount of a judgment against Russell in favor of David West and assigned by West to Huntoon. Defendant gave evidence tending to show that he had not appeared in the suit in which West obtained judgment against him, and that in that suit no account had been made of payments that he had made to West before it was begun; that West afterwards admitted that the amount of these payments should have been deducted, and agreed that it should be indorsed on the judgment; that he afterwards learned that the judgment had been assigned to Huntoon without the indorsement, and he had informed Huntoon that he had an offset to it. He also offered in evidence a judgment which he had obtained against West in a suit to recover back the amount paid, and it was admitted against objection. Defendant recovered below and plaintiff brings error.

*A. Stout* for plaintiff in error.

*H. & H. E. Walbridge* for defendant in error.

MARSTON, J. Counsel for defendant in error claimed on the argument in this case, and the evidence showed, that the demand which Russell had against West, and upon which he afterwards recovered the judgment against West offered and allowed as a set-off in this case, was made up of payments made to West, and which should have been allowed by the latter on the trial of the action which he brought against Russell to recover for services performed, and upon which such payments were made. This being so, then, it is clear that such payments could not be considered as an off-set so as to be separated from or survive as a demand the action brought against Russell and in which judgment was recovered. They were payments made upon the contract in suit in that case, and did not arise from or grow out of any other transaction. As such proof thereof would have been admissible under the general issue, and had the defendant appeared in that case, and for any reason declined to introduce proof of such payments, but permitted plaintiff to recover the full value of his services without deducting such payments, we think he could not afterwards have maintained any action against West for the amount thereof. The payments made under the agreement must necessarily have been in issue in that case had the defendant appeared and pleaded thereto, and his default in not appearing cannot in this case benefit him. If the claim made had not consisted of payments, but had arisen in some other way, so as to have constituted a proper matter of set-off, then the only effect of defendant's not appearing, pleading and proving the same, would be that in an action thereafter brought to recover the same he could not recover costs under the statute.

Waiving this, however, and conceding that a judgment was afterwards recovered by Russell against West for the amount of such payments, could such judgment

be introduced as a valid set-off to the action brought in this case? It is not claimed that it could be without the aid of parol proof to show that the claim upon and for which such judgment was rendered, was a proper set-off against West at the time he assigned his judgment against Russell to Huntoon, the plaintiff in this case.

Huntoon not being a party to that suit brought by Russell against West, would not be bound or concluded thereby. As against him it settled nothing; he could controvert the claim or demand upon which it was rendered. The judgment was not, therefore, admissible as an off-set against him, and the demand upon which it was rendered, was merged therein, and was no longer a subsisting one for any purpose. Russell's remedy was upon the judgment against West, and it would seem that he had no other remedy.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.