JOHN H. McLEAN, MARVIN R. DYER AND SAMUEL H. DAVIS v. WILLARD B. ISBELL, EMMA J. MERRILL AND ALBERT W. BRADFORD.

*Service—Special appearance—Surety for costs—Certiorari—Return.*

Judgment for a joint conversion cannot be entered against a defendant who had not been served with process.

A special appearance for the sole purpose of making an objection is not a submission to jurisdiction.

44 MICH.—9

Comp. L., § 6133, providing that final adjournment for costs may be rendered against the surety for costs as well as against his principal, applies to a case where a justice's judgment for plaintiff is reversed in the circuit on *certiorari.*

The return to a writ of *certiorari* to a justice may properly show whether security for costs was filed in actions by non-residents.

*Certiorari* to a justice is in the nature of an appeal so far as to allow the circuit judge to include the surety in the judgment for costs against his principal.

Error to Wayne. Submitted June 11. Decided June 23.

TRESPASS on the case. Plaintiffs bring error. Affirmed.

*John C. Howland* for plaintiffs in error. The writ of *certiorari* is the beginning of a new suit : *Fenno v. Dickinson* 4 Den. 84. The power to give judgment against sureties in legal proceedings without a separate action is statutory, and cannot be extended by implication : *Willard v. Fralick* 31 Mich. 431 ; *Ortmann v. Merchants' Bank* 42 Mich. 464.

*George W. Bates* for defendants in error. The surety for costs in justice's court continues liable on appeal : *Dunn v. Sutliff* 1 Mich. 24 ; *Smith v. Crouse* 24 Barb. 436 ; *Traver v. Nichols* 7 Wend. 434 ; *Ball v. Gardner* 21 Wend. 272 ; and on *certiorari : Bennett v. Brown* 20 N. Y. 102.

GRAVES, J. McLean and Dyer, who were non-residents, brought an action of trover against the defendants in error before a justice of the peace for an alleged joint conversion of certain fish, and Davis became security for costs pursuant to the statute. Comp. L. § 5259. The justice sustained the action and gave judgment against the defendants in error for $57 damages and costs of suit. The circuit court on *certiorari* reversed the recovery allowed by the justice, and gave judgment for costs not only against McLean and Dyer but against Davis, their surety for costs, also. These parties thereupon joined in bringing error.

The circuit court was warranted in reversing the judg-

ment.  The female defendant was not served with process, and it was not competent for the justice, without her submission to the jurisdiction, to receive evidence to prove her guilty with the others of the alleged joint conversion, and proceed and award judgment against her.  In other words the cause of action charged could not be maintained.

The only ground for claiming that she submitted to the jurisdiction is that an attorney professed to appear before the justice for all the defendants.  But this appearance was for the sole purpose of presenting an objection, and was carefully confined to that object.  The record will permit no other construction and it is quite immaterial whether the objection proposed was tenable or not.  The appearance being for the specific purpose mentioned it availed neither party for any other, and as to everything beyond, the parties were in the same plight as though there had been no appearance at all.

Passing the points arising on the proceedings before the justice, an objection is based on the joining of Davis in the judgment below for costs.

In adjudging against him in this manner the circuit court relied for authority on Comp. L. § 6133, and if the case was within that provision the point that it was error to include the surety cannot be sustained.

The section provides "that whenever any person shall become security for costs for another, in any court in this State, whether such security be required by law to be given, or be required by order of the court, in case the defendant in any such action shall recover final judgment or decree for costs against the plaintiff or complainant, thereupon judgment or decree shall be immediately, and in such suit, entered, as well against such surety as against such plaintiff or complainant, and execution may issue against such surety, in the same manner as if he had been himself a party to such suit."

The ground of the plaintiffs is that the statute applies only in cases where the defendant's right to costs arises in the *same action* as that in which the surety makes his undertaking, and supposing the *certiorari* to be analogous to a writ of

error and the latter as being a new suit, then the *certiorari* was a new action and not the same as that which was commenced before the justice, and hence the circuit court acquired no power by this statute to render any judgment against the surety on deciding the question raised by the *certiorari*.

The argument leads to this extent. The law in order to protect the defendant proceeds to encumber the right of the non-resident to sue, with the duty to give security for costs, and then immediately makes that security wholly ineffectual in every case where the defendant is compelled to resort to *certiorari* to protect his rights against the action. The effect is not merely to take away the power to award judgment in that proceeding against the surety. By necessary inference the reasoning goes further and negatives the right even to bring an action against him. As his principal recovered before the justice he was not liable there, and as there was no appeal there were no further proceedings in the same action to cause him any other liability. A construction marked by effects so unreasonable ought not to be sanctioned unless found to be necessary on account of the words or the force of surrounding considerations, and neither requires it. Moreover the general practice has been against it.

The argument for the objection starts by assuming that in all cases and for all purposes a writ of error is a new suit distinct from the case to be reviewed, and then reaches the result by ascribing the same character to the statutory *certiorari* provided for reviewing judgments passed by justices of the peace.

There must be no discussion on the claim that for many things a similarity exists between the two proceedings. But the assumption that a writ of error when sued out, as was the *certiorari* here, for the mere purpose of defense is to be deemed to all intents a new action and in no respect a proceeding in the nature of an appeal, cannot be admitted.

In *Cohens v. Virginia* reported in 6 Wheaton 264, it was objected against the jurisdiction of the Supreme Court of the United States that the writ of error to the State court was

the commencement of a *suit against the State* contrary to the 11th amendment of the Constitution. The question was fully considered and the court, by Chief Justice Marshall, took pains to show that by the principles of the common law a writ of error is only " in the nature of a suit or action when it is to restore the party who obtains it to the possession of any thing which is withheld from him, not when its operation is entirely defensive," and proceeding to apply the principle to the case which was before the court it was determined that since the only purpose of that writ was to uphold a lawful defense against the prosecution carried on by the State, it did not operate as the commencement of a new suit, but simply by way of appeal against the decision of the lower court on a point of law. See also *Nations v. Johnson* 24 How. 195–204; 3 Bouv. Inst. p. 537.

In considering the point now in question this explanation of the theory of a writ of error is an important factor, and it follows from it, that, in case the analogy ascribed to the *certiorari* is true, the latter was not only not a separate suit, but was in fact a *proceeding in the nature of an appeal.* Its purpose was " entirely defensive." Hence the ground of reasoning relied on to maintain the objection decisively overrules it.

The doctrine quoted to prove that the statute did not warrant the entry of judgment against the surety turns out to be authority for the view of the court below that it did warrant it.

There is no force in the point that the record the circuit court had before it contained no basis for any judgment against Davis. As his undertaking was a material step in the cause before the justice and was liable to be a ground of judgment against him in the circuit court it was a proper thing to be returned with the answer to the writ, and the circuit court had power to compel it. And it appears by the record that the justice returned the fact that security for costs was filed, and sent up the original undertaking.

The present case requires nothing further. But it may be expedient to add that in making this provision for entering

judgment against sureties the Legislature does not seem to have proceeded on the distinction explained in *Cohens v. Virginia*, supra, or to have considered that the mode authorized for reviewing by the circuit court of doings before justices of the peace on points of law was a new and distinct suit. The intent appears to have been to treat the *certiorari* as of the nature of an appeal *in all cases* in so far as to allow the circuit court to include the surety in the judgment for costs against the principal.

The judgment of the circuit court must be affirmed with costs.

The other Justices concurred.