JOHN BRENNAN v. HENRY TIETSORT.

*Payment—Plea or notice of set-off.*

In assumpsit the defence of payment can always be made under the general issue.

The object of a plea or notice of set-off is to enable defendant to set up any independent cause of action which he has against plaintiff and might otherwise sue upon, as a counter claim, and obtain its allowance in the case in which it is pleaded.

One cannot ordinarily sue to recover money back which he has voluntarily paid upon a debt, and he cannot therefore make such a claim a ground of set-off to an action of assumpsit brought against him by the creditor, but he may prove the payment under the general issue.

Case made from Cass.   Submitted October 11.   Decided October 31.

ASSUMPSIT.   Defendant brings error.   Reversed.

*Harsen D. Smith* for appellant.    Defendant in assumpsit is not confined to the items of his bill of set-off in proving payment :   *Olcott v. Hanson* 12 Mich. 452.

*Howell & Carr* for appellee.

. CAMPBELL, J.   Brennan sued Tietsort under the common counts and filed a bill of particulars of work and labor and a few items of cash, and a steel hammer.   Defendant, under the general issue, gave notice and particulars of set-off.

On the trial the court refused to allow defendant to prove any payments on plaintiff's demand, except such items as were contained in his particulars of set-off.   The case comes up chiefly on this ground.

The rule is well established that payment can always be shown under the general issue in *assumpsit*, although in some other forms of action it was required at common law to be pleaded.    2 Stark. Ev. 79, 594 ;  *Huntoon v. Russell* 41 Mich. 316.

The purpose of a plea or notice of set-off, is to set up by way of counter-claim, and to obtain allowance in one action for, such independent causes of action as would be capable of being sued upon directly against plaintiff had they not been thus pleaded.   But money voluntarily paid upon a debt can never, unless on some very peculiar equity, be sued for at all.   If less than the whole debt, it reduces the amount of the indebtedness, but having been once paid it ceases to belong to the debtor, and can form no basis for action or cross-action on his behalf.   The doctrine is elementary and need not be discussed.   Some objections to the charge are left obscure by the record, and we pass them for that reason.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.