## WILLIAM MIMNAUGH v. PETER PARTLIN.

*Cross-action—Set-off—Recoupment—Costs—Res judicata.*

1. A cross-action has always been allowed, both at common law and under the statute, in cases where recoupment may be proper; and where the defendant refuses to recoup, he may bring his action, and, if he prevails, will be allowed his costs. How. Stat. §§ 6876, 6887, 6889; *Ward v. Willson,* 3 Mich. 1; *Ward v. Fellers,* Id. 282; *Allen v. McKibbin,* 5 Id. 449, 456; *Platt v. Brand,* 26 Id. 137; *Huntoon v. Russell,* 41 Id. 316; *Chandler v. Childs,* 42 Id. 128.

2. In case a party neglects to set off a claim when he has an opportunity to do so, he does not thereby preclude himself from recovering his demand, but he will not be allowed any costs in a suit to enforce such claim.

3. A plaintiff is not estopped from prosecuting a suit for work and labor by reason of the payment of a judgment recovered against him by defendant, pending such suit, for damages for the improper performance of the work and labor sued for: the claim not being *res judicata,* in one case the action sounding in tort, and the other in assumpsit.

Error to Wayne. (Jennison, J.) Argued October 6, 1887. Decided October 27, 1887.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*J. W. A. S. Cullen,* for appellant.

*Sylvester Larned* (*D. Augustus Straker,* of counsel), for defendant.

SHERWOOD, J. Peter Partlin contracted with the plaintiff to cut, cure, and put into stack a certain quantity of hay at the agreed price of $15.

The defendant refused to pay the plaintiff for his work after he had finished his job, alleging as a reason that the work was so negligently done that the hay was nearly worthless.

The plaintiff was a farmer residing in the township of Greenfield, in the county of Wayne, and the defendant lived in Detroit. Failing to receive his pay, he sued the defendant therefor before a justice of the peace in the city. The suit was commenced on the sixteenth of August. On the return-day, which was the twenty-fourth of August, the plaintiff declared for work and labor done. The plea was the general issue, and, after a trial on the same day, the justice rendered judgment for the plaintiff for $15 damages, and $4.43 costs. The defendant appealed to the Wayne circuit on the thirty-first day of August, 1886.

On the twenty-fifth day of August, Partlin sued the plaintiff in an action on the case for damages, arising from imperfect work in caring for and saving the hay, before another justice in the city of Detroit. The plea in this case was the general issue. The cause was tried, and judgment rendered therein for the plaintiff, on the twenty-seventh day of September, 1886, for $20 damages, which judgment was paid by the defendant on the fourth day of October thereafter.

The said Partlin, believing said last-named judgment to be a bar to the suit on appeal against him, did, on the twenty-seventh day of November, 1886, file a plea in the said appealed cause *puis darrein continuance,* setting up said judgment as a bar to the plaintiff's suit in this case.

The issue thus made up in the case came on for trial before Judge Jennison and a jury, and at the close of the testimony showing the foregoing facts the circuit judge held the judgment pleaded to be a bar, and directed a verdict for the defendant. The plaintiff brings error.

We think the ruling was erroneous. It is true, the defendant might have recouped the damages he recovered in his suit against Mimnaugh, but he was not obliged to do so or lose his claim. In case a party neglects to set off a claim when he has an opportunity to do so, he does not thereby

preclude himself from recovering his demand, but he will not be allowed any costs in a suit to enforce such claim.

A cross-action has always been allowed, both at common law and under the statute, in cases where recoupment may be proper; and where the defendant refuses to recoup, and brings his action, he may do so, and will be allowed his costs if he prevails. How. Stat. §§ 6876, 6887, 6889; *Huntoon v. Russell*, 41 Mich. 316; *Ward v. Fellers*, 3 Id. 282; *Platt v. Brand*, 26 Id. 173; *Ward v. Willson*, 3 Id. 1; *Chandler v. Childs*, 42 Id. 128; *Allen v. McKibbin*, 5 Id. 449, 456; *Ives v. Van Epps*, 22 Wend. 155; *Grant v. Button*, 14 Johns. 377; *Gillespie v. Torrance*, 25 N. Y. 306; *La Farge v. Halsey*, 1 Bosw. 171.

The plaintiff is not estopped from prosecuting his suit by reason of his submitting to the judgment recovered against him, and his payment thereof. The claim he makes is not *res judicata.* It is true, the plaintiff's suit arises out of the same transaction as did the defendants, but the damages arising are not of the same character. In one case they sound in tort, and the other in assumpsit.

The judgment must be reversed, and a new trial granted.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.