HENRY RINGELBERG v. GUSTAVE PETERSON.

76 107|
147 ³490|
147 ³491|

*Justices of the peace — Judgment—Set-off— Return to certiorari— Form of judgment in circuit court.*

1. A defendant who allows a judgment to be taken against him for a debt, without showing its payment, cannot *set off* such payment against said judgment in a suit by the judgment creditor thereon.

   So *held*, where, after pleading the general issue to plaintiff's declaration, the defendant allowed judgment to be taken against him by default for the full amount claimed, and in a suit upon the judgment sought to show, under a notice of set-off, the *payment* of said claim *prior* to the commencement of the *first* suit.

2. The affidavits of jurors cannot be used to contradict, alter, or vary the return of a justice to a writ of *certiorari.*[1]

3. On affirming a justice's judgment on *certiorari*, it is proper for the circuit court to enter a *new* judgment against the defendant and his sureties for the amount of the judgment and costs recovered before the justice, with interest to the date of such entry, which *new* judgment becomes the only one thereafter enforcible; and this is the *only* way in which judgment can be rendered against the sureties without a separate suit. *M'Dermid v. Redpath*, 39 Mich. 372.

Error to Kent. (Montgomery, J.) Argued June 7, 1889. Decided July 11, 1889.

*Assumpsit.* Defendant brings error. Affirmed. The

---

[1] On special appeal the return of the justice, upon all questions properly raised by the appeal, must be taken as *true.* *Kidd v. Dougherty*, 59 Mich. 244.

A *further* return may be ordered by the circuit court to a writ of *certiorari* on its own motion. *Gordon v. Sibley*, 59 Mich. 252.

The docket entry of the *date* of the rendition of the judgment cannot be contradicted by the justice's return to a writ of *certiorari. Weaver v. Lammon*, 62 Mich. 368.

A justice's return to a writ of *certiorari* sufficiently *explaining* that a tender of accrued costs, and transcript fee, entered upon his docket, was *not* made, will *govern* in the appellate court. *Oakley v. Dunn*, 63 Mich. 497.

The return of a justice to a writ of *certiorari*, that he waited the statutory hour, cannot aid a docket entry to the contrary, nor cure the error shown thereby. *Noyes v. Hillier*, 65 Mich. 637.

facts are stated in the opinion, as also the *points* of counsel.

*Everett D. Comstock,* for appellant.

*Eggleston & McBride,* for plaintiff.

MORSE, J. Ringelberg sued Peterson before Thomas Walsh, one of the justices of the peace of the city of Grand Rapids, and declared upon a judgment rendered by William G. Saunders, a justice of the peace of the same city, on the fourteenth of July, 1885, for the sum of $24.20 damages, and $3 costs of suit, in favor of the said Ringelberg and against the said Peterson.

Peterson pleaded the general issue, and gave notice of set-off, and that he would show the judgment to be invalid.

The following was defendant's, Peterson's, bill of particulars of his set-off, to wit:

"Defendant's bill of set-off is amount to satisfy in full demand in judgment, before rendition of judgment, July 14, 1885, and before commencement of suit on which judgment was rendered which is herein sued on. Such sum received by Ringelberg on or about Christmas, three years ago."

The present suit was commenced by summons, December 21, 1886. It was tried before a jury, January 31, 1887. The docket of the judgment before Justice Saunders was offered by the plaintiff, and admitted without objection, and the plaintiff rested. The defendant, Gustave Peterson, was sworn in his own behalf, and asked three questions, as follows:

"1. State what sums of money, if any, Mr. Ringelberg received from you previous to July 14, 1885, the time of the rendition of judgment on which this suit is brought.

"2. State what sums of money had been received by Mr. Ringelberg from you as a matter of set-off, previous to rendition of judgment against you in 1885.

"3. State what set-off, if any, you had against the claim on which judgment was rendered against you, and which has

been introduced in evidence to-day, at the time of the rendition of such judgment."

Each of these questions, when propounded in its order, was objected to by the plaintiff as incompetent and immaterial. The objection was in each case, and exception taken. The justice certifies that this was all the evidence taken in the cause; that the jury rendered a verdict for the plaintiff for the sum of $31.12, upon which verdict he entered judgment, and taxed the costs at $4.70.

The defendant, Peterson, removed this judgment to the circuit court for the county of Kent by writ of *certiorari*, alleging the following errors:

"1. That the said justice erroneously rejected the testimony offered by this deponent for the purpose of showing that said judgment was invalid.

"2. That said justice erroneously rejected the testimony offered by this deponent to show set-off, as against said judgment rendered by said Saunders."

"3. That said justice erroneously sustained the objections made by the plaintiff to the several interrogatories hereinbefore set forth."

After the cause was docketed in the circuit, the justice was required to make and file an amended return, which he did.

This amended return was procured on a showing by the affidavits of the jurors in the justice's court, that the said Gustave Peterson was not permitted by said Justice Walsh to give any testimony,—

"Each and every question asked him by his counsel being objected to by plaintiff's counsel, and each and every objection so made being sustained by said justice.

"That among the questions so asked of said defendant by his counsel was substantially the following, to wit: How did it happen that this judgment (referring to a judgment rendered in favor of said plaintiff and against said defendant, by W. G. Saunders, Esq., then a justice of the peace of the city of Grand Rapids, said county, on July 14, 1885) was rendered against you? And that thereupon defendant's attorney, B. F. Sliter, stated to said Justice Walsh that he

proposed to show by said defendant, and also by his attorney, who appeared before said Saunders for said defendant, that said Saunders stated, both to said defendant and said attorney, on the day of the first adjournment of said cause before said Saunders, after having waited one hour from the hour of the return of said summons in said cause, that said cause was then and there dismissed out of his court, and that both said defendant and his said attorney thereupon at once left the office of said Saunders, and that neither of them then, nor until the month of December, 1886, knew that said Saunders had rendered any judgment in said cause.

"That after said question had been asked, and the foregoing statement made by defendant's said attorney, J. E. McBride, attorney for said plaintiff, objected, upon the ground that it was inadmissible and incompetent, which objection was sustained by said justice, and the said defendant not allowed to answer the same, to which decision of said justice said B. F. Sliter, attorney for defendant, then and there excepted; that said jury was compelled to give a verdict for said plaintiff for the full amount of his claim, because no testimony was admitted by said justice on the part of said defendant."

In his amended return Justice Walsh certifies and returns a transcript of the docket entries and judgment in the suit before Justice Saunders, and the docket entries in the cause before him, and the original minutes made by him of the questions asked by defendant's counsel of said Peterson, which minutes contain the three questions heretofore stated, and no others; and further returns that he has "no knowledge, recollection, or remembrance" of the question stated in the affidavits of the jurors to have been asked of Peterson by defendant's counsel, and that he believes the aforesaid three questions to have been all the questions asked on said trial to which objection was made and sustained by the court.

In his first return the justice stated that to his recollection the defendant's counsel stated in his opening to the jury that he expected to prove the facts, in relation to the taking of the judgment before Justice Saunders, substantially as it is stated in said jurors' affidavits that such counsel proposed to show after the asking of the question:

" How did it happen that this judgment was rendered against you?"

The circuit judge, upon hearing argument of the writ, found no error in the proceedings before Justice Walsh affecting the merits of the controversy, and ordered that the judgment of said justice stand affirmed, and entered judgment in the circuit court in favor of Ringelberg, and against the defendant, and his surety as well, in the sum of $35.07, the amount of damages and costs in the justice's judgment, with the legal interest thereon, together with the costs to be taxed.

The case comes into this Court on writ of error from the circuit court. It is alleged that the circuit judge erred in affirming the judgment of the justice, and also in entering a new judgment.

We think the court was correct in holding that there was no error in the justice's court. The three questions asked of Peterson were incompetent.

The judgment rendered by Justice Saunders was valid on its face, and had never been appealed from, reversed, or vacated. The docket of that judgment showed that on the return-day defendant appeared and pleaded the general issue, and upon agreement the case was adjourned to July 9, 1885. On the last-named day the plaintiff and defendant appeared, and, on showing by plaintiff, adjourned until July 14, 1885, at 9 A. M. July 14, 1885, at 9 A. M., the case was called. Plaintiff appeared, and, after waiting one hour and defendant not appearing, the plaintiff was sworn, and upon his testimony judgment was rendered.

The suit was brought before Saunders, as shown by his docket, for the value of goods sold and delivered by Ringelberg to Peterson. The questions put by his counsel to Peterson before Justice Walsh plainly contemplated proof that, before the rendition of the Saunders judgment, Peterson had paid money enough to Ringelberg to pay for the goods; in other words, a payment of plaintiff's claim before com-

mencement of suit before Saunders. This could have been done under the plea of the general issue before Saunders, and calling it "set-off" does not alter its character. Having allowed judgment to pass before Saunders by default, he cannot thereafter set off such payment against the judgment. *Huntoon v. Russell,* 41 Mich. 316 (2 N. W. Rep. 38); *Brennan v. Tietsort,* 49 Id. 397 (13 N. W. Rep. 790).

If Peterson had any claim, other than the payment of money, which he could have sued upon as an independent cause of action, it was his duty in the justice's court to so frame his pleadings or questions, or to make such a statement of his claim of set-off to the justice, that it could readily be seen that he was not attempting merely to show that the cause of action merged in the Saunders judgment had been paid before the suit was commenced. As it was, no other construction could be put upon these questions than that he was seeking by them to prove payment of the demand sued upon before Saunders before the commencement of such suit. Money thus paid upon a debt cannot be made the subject of set-off. *Brennan v. Tietsort,* 49 Mich. 398 (13 N. W. Rep. 790); *Huntoon v. Russell,* 41 Id. 317 (2 N. W. Rep. 38).

The return of the justice shows no other question asked, and the circuit court was bound by such return. The affidavits of the jurors could not be used to contradict, alter, or vary such return. If the justice has made a false return, the remedy of Peterson lies in another direction.

In relation to the objection to the judgment rendered in the circuit court, it is claimed that the circuit judge, by his order, affirmed the judgment of the justice, leaving that in full force and effect, and also entered a new judgment in the circuit; thus creating two judgments for the same cause of action, both standing as valid and capable of enforcement, unless one is annulled or reversed by this Court. This is the portion of the judgment entry objected to, and claimed to have the effect as above stated:

"Therefore it is considered that the judgment aforesaid [justice], in form aforesaid given, be in all things affirmed, *and stand in full force and effect;* and it is further considered that the said Henry Ringelberg, defendant in error, do recover against the said Gustave Peterson, plaintiff in error, and as well also against Fred Brogger, surety on the *certiorari* bond herein, the sum of $35.07, being the amount of his damages and costs recovered by him in the court below, and also the legal interest thereon from the date of said recovery, together with his costs and charges by him in this behalf expended to be taxed; and that said defendant in error have execution thereof."

It was held in *M'Dermid v. Redpath,* 39 Mich. 372, that in a case removed from justice's court by *certiorari,* and the circuit court approves the justice's judgment, it was proper for the circuit court to enter a new judgment against the plaintiff in *certiorari* and his sureties for the amount of the judgment and costs in the justice's court, with interest thereon up to the date of the new judgment in the circuit court; and it was said:

"The new judgment is a substitute for the other, and the circuit court had no other method for giving judgment against the sureties than the one adopted."

The same objection was made in that case as here, that this method of procedure left the judgment of the justice standing and in force. It was there held not to do so.

But it is contended that in *M'Dermid v. Redpath, supra,* the circuit court did not affirm the judgment of the justice, as here, but simply entered a new judgment, and that in the order of the court below in this case it is expressly decreed that the judgment of the justice "shall stand in full force and effect." But we think that the whole entry should be taken together, and that the judgment entered in the circuit court is now the only judgment to be enforced, and that the judgment of the justice is simply affirmed and merged therein.

The judgment of the circuit court is affirmed, with costs.

The other Justices concurred.