JENNISON  HARDWARE  CO. *v.*  GODKIN

1. Sale—Purchase Price—Set-off.
   The right of the seller of chattels to maintain an action for
   the purchase price is not impaired by his failure to assert
   his claim by way of set-off in a suit by the purchaser for
   damages on account of alleged defects in the goods sold.

2. Same—Pendency of Suit—Abatement.
   Hence, where the claim of set-off is not so interposed, the pen-
   dency of the purchaser's action against the seller is no ground
   for the abatement of the latter's suit.

Error to Bay; Maxwell, J.   Submitted January 14,
1897.   Decided March 10  1897

*Assumpsit* by the Jennison Hardware Company
against John Godkin for goods sold and delivered.   From
a judgment for plaintiff, defendant brings error,   Af-
firmed.

*C. L. Collins*, for appellant.

*J. L. Stoddard*, for appellee.

Long, C. J.   The plaintiff commenced the present suit
in the circuit court for the county of Bay, filing a declara-
tion therein upon all the common counts in *assumpsit*,
with the following bill of particulars annexed:

                         Bay City, Mich., Oct. 25, 1895.

The Jennison Hardware Co.

                 Sold to John Godkin.

    1895.
June 27.  6 No. 5 dies for park swage, 75------------   $4 50
July 19.  2 52 ft. x 10 x Ga. 14 band saws, $182---$364
          Less 50–10 per cent.----------- ----------- 163 80
          Boxing saws------------------------------    1 25
          Prepaid express-------------------------   11 45
                                                    ---------
                                                    $181 00

A copy of this account, together with an affidavit that the same was a correct account of the claim of plaintiff against the defendant over and above all legal set-offs, was served upon the defendant. To this declaration the defendant interposed a duly-verified plea in abatement, which recited that—

"Before the filing of the declaration in this suit, to wit, on the 10th day of October in the year 1895, this defendant commenced a suit against the above-named plaintiff, in justice's court, before Alfred M. King, a justice of the peace in and for Bay City, in the county of Bay and State of Michigan, and this defendant, in that suit, which is an action in *assumpsit*, has declared against the defendant therein, being the plaintiff in this suit, in a cause of action the determination of which involves, and which suit will adjudicate, the cause of action as is set forth in the plaintiff's declaration in this suit, by means of which there is in said justice's court an action of *assumpsit* pending, in which and whereby the same cause of action will be litigated and adjudicated as in this suit; and this defendant further says that the parties in this and the said former suit are the same, and not other or different parties, and that said former suit, so brought and prosecuted, is still pending in the said court; and this the said defendant is ready to verify. Wherefore he prays judgment," etc.

The plaintiff in this suit joined issue upon said plea by filing a replication thereto. The issue thus framed on the plea in abatement came on to be heard before the court without a jury, and, after hearing the evidence therein, the court found the said plea to be true, and that a determination of said suit involved and would adjudicate the cause of action set forth in the plaintiff's declaration in this suit, except the claim of plaintiff in this suit on account of the item of goods sold at $4.50. The court further found that the action in justice's court had been determined in favor of the plaintiff in that suit, and had been appealed by the defendant in that suit to the circuit court, wherein and whereby the same cause of action would be litigated in that suit as would be litigated

and adjudicated in this suit, and that the parties in this
suit are the same as in the former suit. The pleadings
in the former suit are set out in the findings. In the
declaration in that suit it is alleged that the defendant
sold to the plaintiff a certain band saw, at and for the
price of $92.75; that it was a part of the agreement with
the plaintiff, in the sale of the band saw, that it should be
53 feet in length by 10 inches in width, and should be of
even thickness, and of the thickness of 14 gauge, and
suitable for, and of the quality and description to do, the
work required of such band saws; that, after the purchase,
the plaintiff received it from the defendant at Bay City,
and shipped it to his mill in Chippewa county, paying
for boxing, freight, and teaming the sum of $7.55; that
the plaintiff put the same into his mill, and had pro-
ceeded to operate it in the proper manner, when he
was compelled to take it down by reason of defects found
therein. These defects are stated to be that it was
thicker than agreed; was a 13 gauge, instead of 14;
was of uneven thickness, and would not do the work
that could be done with a 14 gauge. It is alleged
that, by reason of its thickness and unevenness, it
cracked in working, became useless, and plaintiff was
compelled to shut down his mill, and lost the use of
it for several days, by reason of such defects; that the
plaintiff afterwards shipped said saw to Bay City, and
tendered it to defendant, who refused to accept the same;
and that by reason of the foregoing facts, and the breach
of the conditions of the sale, he lost the price of said saw
(which in this action he seeks to recover), and the sum of
$7.55, incurred in taking the saw to his mill, and the sum
of $12, in taking it from his mill to Bay City, and the
sum of $15 in repairing said saw. A second count was
added to the declaration, in which damages were claimed
for the loss of time the mill was kept idle, and for the loss
of time of men employed about the mill, and which also
sets up an alleged offer to return said saw to defendant,
who refused to receive the same, to the plaintiff's dam-

age of $290. An amendment to the declaration was also made, alleging the loss of sawing 420,000 feet of lumber in the season of 1894; also, alleging that when the said plaintiff discovered the condition of said saw, and its defects, he notified defendant thereof, and that, upon defendant's being advised that the saw was 13 gauge, instead of 14, the defendant refused to furnish the 14 gauge, by reason of which fact the plaintiff was compelled to and did order two additional saws, and was compelled to and did operate said saws at a disadvantage. To this declaration the defendant orally pleaded the general issue. Upon this finding the court below held, as matter of law, that the pendency of this former suit did not abate the present suit, and gave the defendant in this suit five days to plead to the merits. Such a plea was filed, and a notice was attached thereto that the defendant did not buy or accept or receive the saws described in the bill of particulars in this case; that said saws were worthless and of no value, and that prior to the commencement of this suit the defendant offered to return said saws to the plaintiff, and still offers to return said saws, and holds them for plaintiff; that the items of $1.25 and $11.45 in said bill of particulars are for boxing and freight payments on the same saws in said bill of particulars described. There was verdict and judgment for the plaintiff of $188.35.

The errors assigned, upon which the defendant in the present suit relies, are:

1. That the court erred in finding and determining, as matter of law, that the pendency of the former suit referred to in the findings of fact and law was not a bar to the further progress of this suit, and did not abate said cause in the court below.

2. That the court erred in entering an order or judgment overruling the defendant's plea in abatement.

3. That the court erred in entering final judgment in favor of the plaintiff.

The plaintiff's contention is:

1. That the court below entered no final judgment upon the plea in abatement; that the order made did not finally

dispose of the case, and is not reviewable by writ of error.

2. That no exceptions were taken to the findings of the court, either upon the facts or law, by the defendant, and that, therefore, the finding of law is not reviewable in this court.

3. That the findings of fact show that the matters involved in this and in the former suit were not the same; that the pleadings in the former suit are set out in the findings; that the first count is based upon the purchase by Godkin of a band saw in 1894, and that under that count, as amended, Godkin claimed as follows:   Expense in taking the saw to the mill, $7.55; expense in taking it from the mill to Bay City, $12; repairing saw, $15; loss of sawing 420,000 feet of lumber (amount not stated); that the second count is based upon a breach of warranty with respect to two saws purchased by Godkin in July, 1895, and under this count his claim is:   Freight and teaming on saws to mill, $10; putting them up and attempting to work them, $10; loss of time of mill, $50; lost time of men employed in mill, $50; expense of returning saws to Bay City, $12; loss and damages in attempting to operate saws (amount not stated); that, in the *ad damnum* clause in the declaration, damages in the sum of $290 were claimed.   It is further insisted that it was not possible, under the pleadings in the former suit, for the Jennison Hardware Company, the defendant therein, to have recovered judgment for its claim as set forth in the declaration and copy of account in this case; that even if the claim might have been interposed as a defense to the former suit, by way of set-off, if due notice of set-off had been given under the plea of the general issue, it is certain that, under the plea of the general issue alone, the right of the Jennison Hardware Company to recover judgment upon its claim was not involved, and judgment in that case would not determine the right of the Jennison Hardware Company to recover the amount of its claim, and therefore would not be a bar to this suit.

4. That the Jennison Hardware Company was not bound to offset its claim against that made by Godkin in the first case.

We may pass the first, second, and third points made by counsel for the plaintiff, as we are satisfied that his fourth point is well taken.   The Jennison Hardware

Company was not bound to offset its claim against that made by Godkin in the first suit, and it appears that it was not so used. The Jennison Hardware Company pleaded the general issue only, and there is nothing in the record indicating that it attempted to prove any set-off. The general rule is that matters of set-off or counterclaim, which a party may set up or not, are not regarded as included in the definition of a defense to an action. If the matter of set-off or counterclaim is presented and passed upon in a suit, it is barred by the judgment; if not, the defendant may make it the subject of a separate and distinct action. 1 Herm. Estop. & Res Jud. § 266; *Huntoon* v. *Russell*, 41 Mich. 316; *Mimnaugh* v. *Partlin*, 67 Mich. 391; *Seventh-Day Adventist Publishing Ass'n*, v. *Fisher*, 95 Mich. 274. In the last case it was said:

"No set-off was pleaded in that case [referring to another suit which had been litigated between the same parties], but the association denied any liability, and rested upon that defense. In the present case the circuit judge finds as follows: 'None of the items involved in this claim were before the court by evidence; nor were the same, or either of them, considered, allowed, applied, or adjudicated on said trial.' It is distinctly returned that the present bill of exceptions does not contain all the evidence, and also that there was evidence showing that none of the items claimed for in this action were included in the former case referred to. This finding is therefore conclusive, unless it be held, as a matter of law, that, through its failure to plead set-off, the plaintiff is concluded from afterwards bringing suit upon its counterclaim. Such is not the law,"—citing *Huntoon* v. *Russell*, *supra*, and other cases.

It was further said:

"The authorities cited by defendant's counsel are cases in which the counterclaim was set up by the defendant, and was within the issue tried."

We are therefore satisfied that the court below was not in error in holding, as matter of law, that the commence-

ment of the suit by Godkin, and its trial in the justice's court, was not a bar to the plaintiff's action in the present suit.

The judgment, therefore, will be affirmed.

The other Justices concurred.