### KNACK *v.* WAYNE CIRCUIT JUDGE.

<div style="float:right">147 485<br>f150 ²551</div>

1. JUDGMENT—RENDITION—FINDINGS OF LAW.

Section 10260, 3 Comp. Laws, authorizes the rendition of a judgment on findings of law filed by a circuit judge, as well as on findings of fact in cases tried without a jury, conformably to the practice of rendering judgment on the matter found by the verdict, authorized by section 10297, 3 Comp. Laws.

2. SAME — JUSTICES OF THE PEACE — CERTIORARI — DECISION — EFFECT.

Where, on certiorari to review a justice's judgment, the circuit judge takes the case under advisement, and later files an opinion deciding in detail the points raised by the plaintiff in certiorari against his contentions, and concluding with the statement that the writ of certiorari may be dismissed, the paper filed is equivalent to a determination of the cause against the plaintiff and the direction of a judgment in favor of the defendant in certiorari.

3. SAME—FORM OF JUDGMENT.
   Section 948, 1 Comp. Laws, contemplates that on certiorari to a justice of the peace the circuit court shall enter a new judgment on which execution may issue as on the original cause of action, and a judgment dismissing the writ is improper, except perhaps in a case in which the writ does not confer jurisdiction.

4. SAME—MOTION FOR JUDGMENT—JUDGES—EXPIRATION OF TERM.
   Where, after a hearing on a writ of certiorari, the circuit judge filed an opinion deciding all the points raised against the contentions of the plaintiff in certiorari, but concluding with a direction that the writ be dismissed, and the clerk did not enter judgment for defendant as prescribed by section 10260, 3 Comp. Laws, the defendant was entitled to apply to the circuit judge, or, after the expiration of his term of office, to his successor, for such judgment as the record showed him entitled to.

5. JUSTICES OF THE PEACE—CERTIORARI—JUDGMENT—TERMS AND EXTENT.
   Where, on certiorari to a justice of the peace to review a judgment for the plaintiff in the suit the circuit court determines the case against the contentions of the plaintiff in certiorari, defendant in certiorari is entitled to a new judgment for the aggregate of his damages, costs, and interest.

6. CERTIORARI—APPEAL—BONDS—SECURITY FOR COSTS—LIABILITY OF SURETIES.
   Section 10353, 3 Comp. Laws, providing for the entry of judgment against sureties for costs, has no application to certiorari and appeal bonds.

7. SAME—BONDS—JUDGMENT—ENTRY AGAINST SURETIES.
   Section 933, 1 Comp. Laws, providing for entry of judgment against the sureties on appeal bonds, applies as well to bonds on certiorari.

Mandamus by Julius Knack to compel George S. Hosmer, circuit judge of Wayne county, to enter judgment for relator on dismissal of a writ of certiorari. Submitted December 18, 1906. (Calendar No. 22,042.) Writ granted March 12, 1907.

*Arthur H. Covert,* for relator.

*Sloman & Sloman,* for respondent.

HOOKER, J.   This cause originated in justice's court, where a judgment was rendered for the plaintiff.   The defendant removed the cause by certiorari to the circuit court, and the same was heard before Judge Frazer, who took it under advisement.   He prepared and signed an opinion deciding the points raised in detail, and concluding with the following statement:

" I think this covers all the objections made, and as, in my opinion, they are none of them well taken, the writ of certiorari may be dismissed."

This writing was dated December 7, 1905, and bears the filing of the clerk of that date.   Judge Frazer's term of office ended December 31, 1905.   An application was afterwards made, asking that judgment be rendered affirming the judgment of the court below, and that the plaintiff recover against the defendant and the surety upon his bond in certiorari the sum of $108.75, being the amount of his damages and costs recovered in the justice's court, and interest thereon from the date thereof, amounting to $9.97, together with his costs and charges, etc.   This application was heard and denied, whereupon an application for a mandamus to require the entry of such judgment was filed in this court, and an order to show cause was issued.   The return shows the foregoing facts.

The following is a summary of the reasons given in the return for the denial of judgment:

1. Because there was no evidence in the record of a legal determination by Judge Frazer during his term of office upon the matters involved in the cause; there being no entry in the short book to show that any order or judgment was rendered by Judge Frazer during his term of office.

2. Because, in any event, the determination of Judge Frazer, if it can be called a decision or judgment, extended no further than permitting a dismissal of the writ of certiorari, while the judgment moved for differed from that rendered in the justice's court, in the following particulars: (*a*) It was for a different and larger sum.   (*b*)

It was a judgment against the surety in the bond as well as the defendant. (c) It was a judgment including an amount for interest.

It has been customary for judges to hear in open court and take under advisement questions of fact and of law, and to file decisions in writing during vacation, or in term without oral announcement, with the clerks of their respective courts, and it has been a common practice for the clerks to enter judgment in the journal in accordance with such findings or determinations. 3 Comp. Laws, § 10297, provides that after verdict judgment *shall be rendered* upon the matter found by the verdict. In some circuits the practice has prevailed of deferring the entry until a formal motion for judgment should be made and granted in open court, but that practice has generally given way to the custom, on the part of the clerks, of entering judgment immediately, or after a limited time, within which a motion to set aside a verdict might be made.

As the reading of the journal and signature of the judge would be in the nature of approval of the judgment entered, and as it was within the power of the judge to correct or vacate such a judgment, even after signature, there is no hardship in that method of procedure. Again, where a trial of a cause upon the merits takes place before the court without a jury, the statute expressly permits the judge to take the case under advisement, and to file his findings of fact and law in vacation, and provides that the clerk shall at once enter a judgment upon the findings which are equivalent to a special verdict. See 3 Comp. Laws, §§ 10260, 10261, 10264; *Delashman* v. *Berry*, 20 Mich. 295; 1 Green's New Practice (2d Ed.), p. 282. And we are of the opinion that questions of law only as well as of fact were intended to be included as within that practice, under the provision of section 10260; the last clause of that section increasing the time within which such filing should be made over that specified in cases of trial of questions of fact.

In this case the paper filed, while not in itself a formal judgment upon which execution might issue, was a decision and determination of each question raised by the certiorari, and it concluded with the statement that the writ might be dismissed. We have no doubt that this was equivalent to determining the cause against the plaintiff in certiorari, and directing a judgment in favor of the defendant in certiorari—i. e., the plaintiff in the original action—and that the same was a valid compliance with the statutes cited.

Had the application for entry of judgment been made to Judge Frazer during his term, he should have granted it, unless reasons justifying a modification or a vacation of his findings were made to appear, and we see no reason why the same is not true as to his successor. Had there been an appeal to the judicial discretion, it might have been proper to decline to order a judgment, vacate the order, and direct a rehearing of the case, but we do not find evidence that this is what occurred. Apparently the denial was left to rest upon the ground that there had been a hearing, but no decision, or that, if a decision was made, it did not justify the judgment asked. We have already decided that there was a valid finding. We must yet consider the question last mentioned.

The determination as to all questions of law raised is plain. It is contended, however, that the only judgment that can be entered is that the writ be dismissed because that is what the order in terms provides for. Bearing in mind that the learned circuit judge decided every point raised against the contention of the plaintiff in certiorari, what judgment was his opponent entitled to? Section 948, 1 Comp. Laws, provides:

"The court shall proceed to give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the justice, which did not affect the merits; and may affirm or reverse the judgment, in whole or in part, and execution shall issue thereon, as upon other judgments rendered in the circuit or district court."

This statute apparently contemplates that the circuit court will enter a new judgment on which execution may issue, upon the original cause of action, unless it be where the writ does not confer jurisdiction to review, when perhaps a judgment of dismissal may be proper. Upon this, however, we express no opinion.

We have, then, a case where the circuit court on a valid writ heard and decided all points raised, concluding his decision with a direction for a judgment not authorized by the statute. The clerk did not enter judgment according to the practice pointed out by 3 Comp. Laws, § 10260, and there was nothing left for the defendant in certiorari to do but to ask the intervention of the court to obtain the entry of such a judgment as the decision warrants. Such an application to Judge Frazer would have been proper, and it is no less proper to address it to his successor, and either might enter such a judgment as the record upon its face clearly shows the defendant in error to be entitled to. Manifestly the successor could do no more without granting a rehearing, whether or not Judge Frazer could lawfully have done so. Under the finding the plaintiff in the action was entitled to a new judgment which should include all that was awarded him by the justice of the peace, and this should take the form of the judgment for the aggregate of the damages, costs, and interest, had he applied for that, and no more. *McDermid* v. *Redpath*, 39 Mich. 372; *Ringelberg* v. *Peterson*, 76 Mich. 113. It required a mere computation and involved no uncertainty as to amount.

It is suggested that the entry of judgment against the sureties upon a certiorari bond is not authorized by law. We will assume that, without statutory authority, the remedy against the surety would be confined to an action on the bond. It is not likely that this was overlooked by Mr. Justice COOLEY in the case of *McDermid* v. *Redpath*, supra, though he may have assumed the existence of a statute which does not exist. We are unable to ascertain whether the point was discussed by counsel, as a

single brief is all that remains of the record in that case. At that time sections 5462 and 6133 of the Compiled Laws of 1871, corresponding with sections 933 and 10353 of the Compiled Laws of 1897, were in force. The latter has reference to security for costs, and cannot well be applied to appeal or certiorari bonds. The former occurs in the justice's act, under a subdivision of the chapter, with the caption, "Of Appeals." It provides:

" In all cases where judgment shall be rendered against the appellant, in the circuit or in the Supreme Court, the same may * * * be entered against both appellant and surety."

Following the provisions under this caption is the subject "Of Certioraris," in which the method of review by certiorari is provided, which includes the giving of a bond. Unless the provisions of section 933 can be so construed as to apply to all cases of appeal from justice's court, whether denominated appeal or certiorari, we can find no statutory authority for entering judgment against the surety in certiorari bonds. That such has been the construction is inferable from the case cited, which was followed as late as in the case of *Ringelberg* v. *Peterson*, 76 Mich. 107. We find corroboration in the fact that this statute was cited in the case last cited (2 How. Stat. § 7029), as also was the case of *Porter* v. *Leache*, 56 Mich. 40, where the court appears to have recognized the propriety of the practice, though it was probably unnecessary to a determination of the case. It is the more significant, however, for the reason that, had the practice not been a proper one, the right to sue upon a certiorari bond would not have been open to question, and the discussion indulged in would have been superfluous.

While there is force in the suggestion that it does not appear that this particular point was clearly made in either case, we cannot say that it was not considered, in view of the express reference to it; and the fact that the validity of these judgments depended upon it, and the

prevalence of the practice both before and after those decisions, and the absence of any good reason for a distinction between appeal and certiorari cases are persuasive evidence that such has been the opinion of the court and profession, and we think that these cases should not be overruled, though, were it a new question, we should doubt whether section 933 was intended to apply to certiorari cases.   Taking this view, we are of the opinion that it was the duty of the court to enter judgment against the surety, as well as the plaintiff in certiorari, unless there is such a defect in the bond on the face of the record as to preclude liability, or unless on proper application there is a showing made which should require an investigation of the surety's liability.   Nothing appears in this record upon these subjects.   We have not even the bond before us, but it was proper for the defendant in error to ask the court for a judgment, and a proper question for him to decide was presented.   Under the terms of the statute, it is the clear duty of the court to enter judgment against the surety, unless there is such a defect in the bond, on the face of the record, as to preclude liability, or unless, on proper application, there is a showing made which would require an investigation of the surety's liability.   See *McLean* v. *Isbell*, 44 Mich. 129; *Boatz* v. *Berg*, 51 Mich. 11.

We conclude that, upon this record, the circuit judge should be advised to grant a rehearing of the motion for judgment and to render such a judgment as the defendant in error shall be entitled to, under the views hereinbefore expressed, unless, upon application, it is made to appear, or from the record he shall be of the opinion, that justice requires that a rehearing of the cause should be ordered.   No costs will be allowed to either party.

McALVAY, C. J., and CARPENTER, GRANT, BLAIR, MONTGOMERY, and MOORE, JJ., concurred with HOOKER, J.

OSTRANDER, J. (*concurring*).   There appears to be no

good reason why the court below should not now take up the case at the point to which it had been considered, and, treating the questions raised in the certiorari proceedings as determined against the plaintiff in certiorari, complete the record by entering such judgment as in the opinion of the court ought to be rendered.    We are not called upon to say more than this.