KNACK v. BERLIN.

1. ATTACHMENT—PROCEEDINGS—STATUTES—CONSTRUCTION.

Proceedings by attachment being entirely statutory in their inception, resort must be had to the statute to ascertain their requisites, and they must, in all things essential, conform to the statutes on which they are founded.

2. APPEARANCE — SPECIAL APPEARANCE — EFFECT — ATTACHMENT PROCEEDINGS—JUSTICES OF THE PEACE.

A special appearance for the purpose of objecting to the jurisdiction is not such an appearance as will authorize a justice of the peace in an attachment case to appoint a day for the trial of the case under section 736, 1 Comp. Laws.

3. ATTACHMENT — JUSTICES OF THE PEACE — ADJOURNMENT — EFFECT.

Where a defendant in attachment not personally served appeared specially on the return day for the purpose of objecting to the jurisdiction, and consented to several adjournments for the purpose of arguing his motion to quash, and on the last adjourned day, his motion being overruled, withdrew from the case and refused to proceed further, upon which the justice adjourned the case until the next day, and on that day adjourned it under the statute (section 736, 1 Comp. Laws) for more than 30 days, the justice, by the adjournment of one day, lost jurisdiction to proceed further.

4. SAME—INVENTORY—SUFFICIENCY.

An inventory attached to a writ of attachment describing the property as " one carload of household furniture" is not sufficient to identify with reasonable certainty the property taken, more especially as the property is of a class exempt from execution.

5. SAME—BOND—EFFECT.

The insufficiency of the inventory of property seized under an attachment is not affected by the fact that a bond was given by, and the property surrendered to, a person not a party to the proceedings, nor, so far as the record shows, representing defendant.

Error to Wayne; Hosmer, J.  Submitted November 12, 1907.  (Docket No. 162.)  Decided December 30, 1907.

Attachment proceedings in justice's court by Julius Knack against Jacob Berlin and John C. Hartz. There was judgment for plaintiff, and defendants appealed to the circuit court by writ of certiorari. The judgment was sustained, and defendants bring error. Reversed, and judgment entered for defendants.

*Sloman & Sloman*, for appellants.

*Arthur H. Covert*, for appellee.

BLAIR, J. Writ of error to review a judgment of the circuit court entered in compliance with the direction of this court "to render such a judgment as the defendant in error shall be entitled to," etc. *Knack* v. *Wayne Circuit Judge*, 147 Mich. 485.

The suit was commenced in justice's court January 21, 1904, by writ of attachment returnable February 2, 1904. The return of the officer was as follows:

"By virtue of the within writ of attachment, I, Henry Wiechmann, on the 21st day of January, A. D. 1904, at the city of Detroit, within said county, seized the goods and chattels of the defendant, Jacob Berlin, within named, which are inventoried in an inventory of which the annexed is a copy, and I hereby certify that I have made diligent search and inquiry and am unable to find the said Jacob Berlin within said county or his last place of abode, and, therefore, on the 27th day of January, A. D. 1904, because the said defendant could not be found or his last place of abode, I left a copy of the within attachment and of the said inventory, duly certified by me, with the Lake Shore & Michigan Southern Railway Company, a corporation, by delivering said copy to James McKenney, local freight agent of the said Lake Shore & Michigan Southern Railway Company, a corporation, in whose possession I found the said goods and chattels, and I certified that said defendant has no last place of residence within said county and I further certify that said goods and chattels were delivered up to Moritz Berlin upon receiving the bond herewith returned.

"Dated February 1, 1904."

On the return day, defendant appeared specially and

moved to quash on several grounds. The case was adjourned several times by consent for argument of motion to quash, until February 24, 1904, when motion to quash was overruled, and the defendant refused to proceed further with the case. Upon cause shown, plaintiff adjourned the case until February 25, 1904, and on February 25, 1904, the case was further adjourned under the statute until March 28, 1904, at which adjourned date, defendant not appearing, the plaintiff took judgment against the defendant for $105.75 damages and $3.91 costs.

The 10th and 11th assignments of error, based upon the 10th and 11th allegations of error in the affidavit for certiorari, are as follows:

"10th. Because said justice lost jurisdiction to render judgment in said cause by failing to continue said cause not less than thirty and more than ninety days from the return day of the writ of attachment, said defendant not having been personally served nor having appeared in said cause.

"11th. Because the adjournment from February 24th to February 25th, 1904, was irregular and ousted said justice of jurisdiction, inasmuch as the writ was not personally served and the defendant did not appear the justice should have continued the cause for not less than thirty and not exceeding ninety days."

We are of the opinion that these assignments are well founded.

"Proceedings by attachment are entirely statutory in their inception, and we must look to the statute to ascertain their requisites. Such proceedings have no foundation outside of statutes, and must therefore, in all things essential, conform to them." *Cary* v. *Everett*, 107 Mich. 654.

See, also, *Faul* v. *Beucus*, 124 Mich. 25.

Section 736, 1 Comp. Laws, provides:

"If the attachment shall not be personally served upon any of the defendants, and none of the defendants shall appear on the return day thereof, the justice shall con-

tinue the cause for not less than thirty, and not exceeding ninety days; and in such case, no hearing shall be had or judgment rendered thereon, until the expiration of that time, unless the defendant shall sooner appear and request a trial; in which case the justice shall appoint a day for the trial of such suit, and cause notice thereof to be given to the plaintiff."

A special appearance for the purpose of objecting to the jurisdiction is not such an appearance as the statute contemplates. *Wright* v. *Russell,* 19 Mich. 346; *Marr* v. *Cook,* 147 Mich. 425.

The justice should have continued the case on the return day, as required by the statute, regardless of the special appearance and motion to quash. But as the defendants consented to the adjournments for argument of the motion to quash, they cannot complain of the failure of the justice to enter the statutory continuance during that period. They did not consent, however, to the adjournment from February 24th to February 25th, but had refused to take further part in the case. If the justice had thereupon continued the case for a period not less than 30 days and not exceeding 90 days from the return day, such continuance might have been unassailable by defendants. But there is no warrant in the statute for the adjournment of one day. On the contrary, the statute excludes such adjournment, and, by making the same, the justice lost jurisdiction to further proceed with the case.

We are also of the opinion that the third assignment of error is well founded. This assignment is based upon the third ground of the motion to quash and the third allegation of error in the affidavit for certiorari, and is as follows:

" 3rd. Because no inventory was made by the constable under said attachment, as required by law."

The inventory attached to the writ described the property attached as follows:

"By virtue of a writ of attachment hereby annexed, issued by Fred. E. DeGaw, one of the justices of the

peace of the city of Detroit and county of Wayne, I have, this 21st day of January, A. D. 1904, attached the goods and chattels described in the annexed inventory as follows, to wit: One car load household furniture."

The office of the inventory is to identify with reasonable certainty the precise property taken. Such identification is particularly necessary where, as in this case, the property seized is of a class exempt from execution.

The giving of the bond does not affect the question. The bond was given by and the property delivered to Moritz Berlin, who was not a party to the proceedings, nor, so far as the record shows, representing the defendant.

The inventory was not such as the statute required and the service thereof did not confer jurisdiction upon the court to proceed further with the case.

The judgment is reversed, and a judgment directed in favor of defendants, with costs.

McALVAY, C. J., and CARPENTER, GRANT, and MOORE, JJ., concurred.