BAUMGARTH v. FIREMEN'S FUND INSURANCE CO.

1. COSTS—ASSIGNMENTS—LIABILITY OF ASSIGNEE.
   Costs are taxable in the Supreme Court against the persons beneficially interested as assignees of a cause of action by virtue of an assignment made prior to the commencement of the action, within the terms of 3 Comp. Laws, § 11281.

2. APPEAL AND ERROR—NATURE OF WRIT—CONTINUATION OF THE ACTION.
   The issuance of a writ of error from the Supreme Court is a continuation of the original cause, not a new proceeding.

Assumpsit by Morris C. Baumgarth and Rudolph Baumgarth, copartners as Baumgarth Bros., against the Firemen's Fund Insurance Company on a policy of insur-ance:  On motion of defendant for the taxation of costs against plaintiff's assignees.   Submitted November 16, 1909.   ( Calendar No. 22,573.)   Motion granted Decem-ber 10, 1909.

*Haug & Yerkes* (*Lucking, Emmons & Helfman,* of counsel), for the motion.

*Bernard B. Selling* and *Butzel & Butzel, contra.*

MONTGOMERY, J.   Plaintiffs having recovered judg-

ment in the circuit court against the defendant, the defendant upon writ of error procured a reversal of that judgment. (152 Mich. 479 [116 N. W. 449].) A motion is now made by the defendant to have the costs taxed against Adolphus Fixel, A. Krolik & Co., and Imerman Bros., in whose interest an assignment of the claim of plaintiffs against the defendant was made, and in whose interest the suit was prosecuted; it appearing from affidavits on file that these parties contributed to the expense of the prosecution of the case.

The statute relied upon is section 11281, 3 Comp. Laws, which reads:

" When any action shall be brought in the name of another, by an assignee of any right of action, or by any person beneficially interested in the recovery in such action, such assignee or person shall be liable for costs in the same cases, and to the same extent, in which a plaintiff would be liable, and the payment of such costs may be enforced by attachment in all cases where judgment is not by law required to be rendered therefor against such assignee or person interested."

This section appears to have been taken from the Revised Statutes of New York. Under that statute, the courts of New York have held in *Whitney* v. *Cooper,* 1 Hill (N. Y.), 629, that an assignee of a claim in suit, although the assignment simply gave him a lien upon the recovery, was liable under this statute to respond for costs. This was reaffirmed in *Carnahan* v. *Pond,* 15 Abb. Prac. (N. Y.), 194. See, also *McHench* v. *McHench,* 7 Hill (N. Y.), 204. Both parties in the present case rely upon the rule of construction that, in the adoption of a statute of a sister State, it is to be presumed that the statute was adopted with reference to the judicial construction given to such statute in the sister State. The cases above cited would seem to make it clear that, had the defendant recovered in the circuit court, he would have been entitled to tax the costs against the parties beneficially interested.

But it is contended upon the authority of *Bendernagle* v. *Cocks*, 19 Wend. (N. Y.) 151, that the party beneficially interested is not liable for costs incurred where the nominal party prevails in the court below and the case is brought to this court by writ of error. It was held in that case that a writ of error is to be treated as a new suit, and not a continuation of a suit below, and that, therefore, the party in interest was merely defending in the court of appeals and was not a volunteer, and therefore was not liable for the costs under this statute. This case in no way negatives the right to recover against the parties beneficially interested, if they, in fact, are to be treated as the moving parties in the case. But there is authority for the view that in New York the writ of error is regarded as a new suit. But such is not our understanding of the effect of a writ of error in Michigan. In Michigan, the writ of error should be considered as a continuation of the original suit. This is the rule in other States. See *Hart* v. *Mills*, 38 Tex. 513; *Hinchman* v. *Rutan*, 31 N. J. Law, 499. An analogous question arose in this State in *McLean* v. *Isbell*, 44 Mich. 129 (6 N. W. 210), in which case it was contended that the removal of a case from justice's court to the circuit by certiorari was analogous to a writ of error, and that the suing out of a writ of error was the institution of a new action and not the same as commenced in justice's court, and therefore that security for costs in such action (instituted in justice's court) was not liable for the costs on certiorari. The court, however, held against this contention. After citing the Federal cases on the subject, the court said:

" In considering the point now in question, this explanation of the theory of a writ of error is an important factor, and it follows from it that, in case the analogy ascribed to the certiorari is true, the latter was not only not a separate suit, but was, in fact, a *proceeding in the nature of an appeal*. Its purpose was ' entirely defensive.' Hence the ground of reasoning relied on to maintain the objection decisively overrules it. The doctrine

quoted to prove that the statute did not warrant the entry of judgment against the surety turns out to be authority for the view of the court below that it did warrant it."

We think the motion should prevail.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.